BRIDGMAN HAPGOOD AND EZEKIEL MORRISON *v.* PORTER B. SOUTH-GATE, Administrator of RICHARD SOUTHGATE.

Under the statutes of this state, in force previous to the Revised Statutes, the death of a debtor suspended the running of the statute of limitations; and the creditor was entitled to prove his claim before the commissioners appointed to adjust claims against the estate, if his debt were not barred by the statute at the decease of the debtor, notwithstanding more than six years from the time the debt accrued had elapsed, previous to its presentment before the commissioners.

In an action upon book account the plaintiff may testify as to the fact of the delivery of an article by the defendant to him, which is credited upon his book, and as to the time and manner of such delivery, although the effect of it may be to prove dealings between the parties within six years, and thus to save the plaintiff's account from the operation of the statute of limitations.

APPEAL from the decision of commissioners upon the estate of Richard Southgate, deceased, allowing a claim in favor of the plaintiffs against the estate. In the county court the plaintiffs declared in book account, and an auditor was appointed, who reported the facts substantially as follows.

The plaintiffs were partners in business, under the firm name of B. Hapgood & Co., from May 1, 1833, to May 1, 1835, when the firm was dissolved, and Hapgood purchased Morrison's interest in the property of the firm and the debts due to them. There was at

that time an account due to the firm from the intestate, Richard Southgate, of about $40,00. Hapgood then formed a copartnership with Forrest Henry, under the firm of Hapgood & Henry, and a new set of books was opened, and the firm continued to do business in the same store previously occupied by B. Hapgood & Co. At the hearing before the auditor it was proved by the testimony of Hapgood, that on the fifth day of July, 1837, he went to the mill of the said *Richard Southgate, to procure some plank for repairing a* building which belonged to him individually; that, having received the plank, which were delivered to him by Southgate, he requested Southgate to charge them to him, Hapgood, and not to Hapgood & Henry; that Southgate replied, that he would not charge them at all, but said, " You can give me credit for them on your old book ;" and that Hapgood entered the credit on the book of B. Hapgood & Co.,—which the auditor found " he was authorized to do, by the direction of the said Southgate." Southgate died in May, 1842. The last charge on the plaintiffs' account was under date of April 28, 1835; and the credit for the plank, which was the last item of credit, was under date of July 5, 1837. The appeal from the commissioners was allowed February 3, 1845.

The auditor reported, that there was a balance due to the plaintiffs of $41,87, unless their account was barred by the statute of limitations,—which question was submitted to the court.

The county court, November Term, 1845,—REDFIELD, J., presiding,—accepted the report, and rendered judgment thereon for the plaintiffs, for the balance reported by the auditor. Exceptions by defendant.

*Tracy & Converse* and *J. Barrett* for defendant.

As the appeal was taken to the March Term, 1845, it is fair to presume, that the plaintiffs' claim was not presented before the commissioners until after July 5, 1843, which would complete the six years from the entry of the last credit. As the burden of proof is on the plaintiffs, they should have shown the presentment to the commissioners before that time, if they would avoid the effect of the statute. If it should be held, that, upon the decease of the intestate, the statute was suspended until the appointment of an administrator and of commissioners of insolvency, it cannot aid the

74

plaintiffs, as there is nothing showing, that, after deducting the period from the death of the intestate to the granting of administration and appointment of commissioners, there would not still be left six years from the last item of credit to the time the claim was presented to the commissioners. But the operation of the statute of limitations was not suspended by the death of the intestate, as the cause of action arose long before that time. There is no distinction, in this respect, between the decease of a creditor and that of a debtor. *Conant* v. *Hitt,* 12 Vt. 285. Bac. Abr. 515. It is believed, that the true doctrine is this,—when the cause of action accrues before the death of the intestate, the statute is not suspended by his death; but when it accrues after his death, then the statute does not begin to run, until administration is granted,—for the reason, that until then there is no party to be sued, or that can sue. *Murray* v. *E. I. Co.*, 5 B. & Ald. 204. *Pratt* v. *Swaine*, 15 E. C. L. 219. 2 Saund. 63 *f*, n. 6. *Hickman* v. *Walker*, Willes 28. This is in harmony with the doctrine, that, when the statute begins to run, it is not suspended by any accruing disability. 1 Wils. 134. 4 T. R. 300. Plowd. 355.

But if the statute of limitations were suspended upon the death of the intestate, we insist, that the credit for the plank does not remove the statute bar. This was merely a circumstance, from which an acknowledgment of the debt might be inferred; and we insist, that the party was incompetent to testify in respect to it. There was no dispute in reference to the delivery or price of the article, and the testimony of Hapgood was given solely with a view to the statute of limitations. But can the party with any more propriety testify to the *facts*, from which an acknowledgment is to be inferred, than to the fact of the acknowledgment? Yet to the latter fact he is an incompetent witness. *McLaughlin* v. *Hill*, 6 Vt. 20. *Pratt* v. *Gallup*, 7 Vt. 344. 1 Aik. 355. 3 Vt. 104.

The auditor was not justified in the inference, which he drew from the testimony of the party. It does not appear, that the intestate recognized any debt, as due to the plaintiffs, or acknowledged that there was an unsettled account between them. 12 Vt. 256. 17 Maine 145.

Hapgood et al. *v.* Southgate, Adm'r.

*Washburn & Marsh* for plaintiffs.

The auditor finds the fact, that the plank were credited by Hapgood, and that he was authorized so to do by the direction of Southgate. That Hapgood was a competent witness to prove this fact is well established. *Stevens et al.* v. *Richards et al.*, 2 Aik. 81. *Fay et al.* v. *Green*, Ib. 386. *May et al.* v. *Corlew*, 4 Vt. 12. *Delaware* v. *Staunton*, 8 Vt. 53. It is not the case of a party proving a new promise by his own oath, to take the case out of the statute; but the law *implies* the promise from the fact of payment, which, clearly, may be established by the oath alone of the party. The last item of credit being established, as having accrued in 1837, and within six years previous to the decease of the intestate, the plaintiffs' account is not barred by the statute of limitations. *Hutchinson et al.* v. *Pratt, Adm'r*, 2 Vt. 146. *Wood, Adm'r*, v. *Barney*, 2 Vt. 369. *Abbott* v. *Keith*, 11 Vt. 525.

The opinion of the court was delivered by

HALL, J. It is insisted, in behalf of the defendant, that the statute of limitations is a bar to the plaintiff's account, for two reasons; first, because the credit was given more than six years before the presentment of the claim to the commissioners; and secondly, because the credit was not proved by competent testimony.

The fifteenth section of chapter fifty eight of the Revised Statutes contains a provision, allowing creditors of an estate to prosecute their claims before commissioners, when the debtor dies before the statute has become a bar, and also when he dies within thirty days after it has become a bar. But this provision is limited by section twenty nine of the same chapter to causes of action, which accrue after the statute takes effect. In this case the cause of action accrued previous to the Revised Statutes, and the claim is therefore not aided or affected by that provision.

In *Conant* v. *Hitt*, 12 Vt. 287, it was held, that the decease of the *creditor* did not interrupt the running of the statute of limitations, so as to save a suit brought by the administrator more than six years after the cause of action had accrued. It was however said by the court to have been held, that the death of the debtor suspended the right of action, until an administrator was appointed, and such, it is believed, has long been understood to be the law of this state. Sev-

eral authorities are, however, relied upon by the counsel for the defendant, to show that the death of a defendant has no effect upon the operation of the statute.

We have not thought it necessary to inquire very particularly what the English law is on this subject; because, our system of settling estates being different from that in England, the rights of creditors must in many respects stand upon a different footing. At the time of the death of the defendant's intestate, his estate could have been settled in no other manner, than by the appointment of commissioners to adjust all claims against it. The plaintiff could have brought no action against the administrator upon his account. He could only present his claim to the commissioners after their appointment. The appointment of commissioners and the presentation of claims to them have reference to claims, as they existed at the time of the intestate's decease. The estate of the deceased, if insolvent, is to be distributed among his creditors, who were such at the time of his death; and if the plaintiff were a creditor at his decease, it is all that could be necessary (in the absence of any special statutory provision on the subject) for him to show before the commissioners.

Upon the other question in the case I at first entertained considerable doubt, but have, on reflection, felt constrained to concur with the other members of the court in the decision we now make.

It is stated by Judge Mattocks, in *McLaughlin* v. *Hill,* 6 Vt. 26, to have been held in a previous case by the supreme court, that a party in the action on book was not competent to testify to a new promise to revive an action, against which the statute had run. The extent of this decision seems, indeed, to be somewhat qualified by the statement of Chief Justice Williams in *Pratt* v. *Gallup,* 7 Vt. 347; in which latter case it was, however, held, that the parties were not competent to testify to the fact of a tender. It is doubtless the general understanding of the profession, that a party is incompetent to testify to a new promise, to revive an account barred by the statute, though no reported decision to that effect is found. The reason assigned for excluding the testimony of the party to such fact is, that it is unconnected with the original merits of the case,—that it does not relate to the actual dealings between the parties. ·

It is obvious, however, that cases might occur, in which the testi-

Hapgood et al. *v.* Southgate, Adm'r.

mony of a party would be clearly competent, though the effect of it would be to prevent the operation of the statute. If, for instance, the plaintiff's account consisted of a single item, and the question were, whether the article had been delivered, or was to have been paid for, within six years next before the time of bringing the action, there seems no doubt, but that the plaintiff would be competent to testify, both as to the time of the delivery and the term of credit. The defendant might also testify to the same matters. This testimony would be in relation to the original dealings between the parties; and it has always been held, that the parties were competent to testify to the time and manner of the delivery of the articles, and all the facts and circumstances relating to the account.

In the present case the question is as to the fact of the delivery of an article by the defendant to the plaintiff, and credited on the plaintiff's book, and the time and manner of such delivery. The question relates directly to the dealings between the parties, and it is difficult, if not impossible, to distinguish it, so far as it regards the character of the proof, from the case before put, of a single item of the plaintiff's account. The questions whether such dealings did occur between the parties, and as to the time and circumstances under which they occurred, are questions directly relating to the accounts; and it is not perceived, how the testimony of the parties can be excluded, without adopting a new rule, in conflict with the whole current of previous decisions. We are therefore of opinion, that the testimony of the plaintiff to the item of credit in this case was competent, though the effect of it was to prove dealings between the parties within six years, and to save the plaintiff's account from the operation of the statute of limitations.

The judgment of the county court is therefore affirmed.