JAMES NOYES *v.* B. M. CUSHMAN, AMOS NOYES AND MOSES MORSE.

*Book Account.* *Partnership.* *Statute of Limitations.* *Witness.*

Where C. and N. purchased a grist-mill and privilege, under an agreement to rebuild the same and share equally in the expense, and afterwards sold one sixth of the same to M., under an agreement that he should be at one sixth of the expense, *it was held,* that their mutual obligation to rebuild does not necessarily constitute them partners.

And it was also held, that where a purchase of that character is made, and the premises are rebuilt or repaired, for the purpose of prosecuting some joint enterprise or adventure, under an agreement to share in the profits and loss of the undertaking, the contract then becomes one constituting a partnership, and each member thereof is liable as a partner, and they are liable jointly, for services performed in perfecting their joint undertaking.

In an action of book account, it is competent for the plaintiff to testify to a payment and the circumstances attending it, though his testimony removes the statute bar. *Hapgood et al.* v. *Southgate,* 21 Vt. 584.

So also, it is competent to prove the admissions or declarations of one of the partners, so far as to charge him as partner; but such admissions or declarations can not be used as evidence against the other partners.

BOOK ACCOUNT. The action was originally commenced before a justice of the peace, and came to the County Court by appeal. Judgment to account was rendered, and auditors appointed, who reported substantially the following facts:

That in the winter or spring of 1839, the old grist-mill in the village of Tunbridge had run down and become so much out of repair, that it became necessary to rebuild the same, and some of the inhabitants of the village applied to the defendant, Cushman, to either rebuild, or assist in rebuilding the same; that said Cushman thereupon applied to the defendant, Noyes, to join him in purchasing the mill privilege and rebuilding the mill; and that defendants, Cushman and Noyes, did agree to purchase said privilege, and did purchase the same of one Amos Hutchinson, for $2,300, and gave their joint note for the same, and agreed to proceed and rebuild said mill, and share equally the expenses of the rebuilding and the cost of the privilege.

That subsequently, and before they commenced work on said mill, the said defendants, Cushman and Noyes, entered into a con-

tract with the defendant, Morse, by which they sold him one sixth part of the privilege, and said Morse was to pay one sixth part of the expense of rebuilding said mill, and own one sixth part of said privilege and mill when built; that said Morse was to share one sixth part of the toll or profits of the mill, and also was to have one half of the remaining part of the toll or profits for tending the mill, and that said Cushman and Noyes were to have the remaining half of the toll or profits.  That said Morse should work on the mill while they were building it, and his work should be applied towards or in payment of his sixth part, and the remainder should be paid in cash.  That it was further agreed by all the defendants, that Cushman and Noyes should employ the workmen on the mill, and that Cushman should pay the hands that he employed, and Noyes should pay those he employed, and each bring in his account therefor against the company.

That Cushman paid the several workmen he employed, and Noyes paid those he employed, except the plaintiff; that men employed by said Cushman, and also men employed by said Noyes, were at work at the same time with the plaintiff, and that said Noyes requested the plaintiff to work on the mill, for which he has charged, excepting in one instance, when both said Cushman and Noyes requested him to work, and the defendants were all frequently at the mill, while plaintiff was at work on the same.  That plaintiff rendered the services charged for in his account, with the expectation that the company were liable to him therefor, and had no knowledge of the understanding between the defendants, in relation to each paying the men he employed.

On the trial before the auditors, the plaintiff was offered to prove, and proposed to testify, in relation to a payment of $3,00 credited February 26, 1844, and $1,00 credited September 14, 1849, in his account, as having been paid by the defendant, Noyes; to which defendants objected, on the ground that the proof of the payment of the sums credited tended directly to remove the statute bar; the auditors overruled the objection and permitted the plaintiff to testify to the said payments.

The plaintiff also offered to prove by one Andrew B. Noyes, a son of the defendant Noyes, that said Noyes admitted that the credits were properly made, and that he also admitted that defendants were partners, to all which the defendants objected—1.

That the witness cannot testify, as to admissions of a party in book account, for the reason that the party is a competent witness by statute, and should be called himself. 2. That it is inadmissible to prove the admissions of payment by one partner, which, if substantiated, will remove the statute bar. 3. That the admissions of one partner, that he and others were partners, are inadmissible to prove a partnership. The auditors overruled the objections, and found from the testimony, that said defendant, Amos Noyes, paid the amount credited within six years, and also that said Amos has been entirely insolvent for some six or seven years past, and has been owing the plaintiff a large sum of money ever since he became insolvent.

The auditors found that the account of plaintiff was not barred by the statute, and that defendants were partners, which opinion or finding, they reported, was based upon the facts above found; they also found that plaintiff's account was just and reasonable, and including interest, that the sum of $106,60 was due from the defendants to plaintiff, to balance book accounts between them, subject to the opinion of the county court, upon the admissibility of the testimony in relation to payment, and whether, in law, the facts detailed constituted a partnership between the said defendants.

The County Court, June Term, 1852,— POLAND, J., presiding,— rendered judgment on the said report for the plaintiff, to recover the amount found due by the auditors.

To which the defendants excepted,

1. For reasons apparent on the face of the report.

2. Because the facts found by the auditors are insufficient to take the case out of the statute of limitations, as against said Cushman.

3. Because, from the facts detailed by the auditors, the defendants were not partners.

4. Because judgment ought to have been rendered for the said Cushman to recover his costs.

*C. M. Lamb* and *C. W. Clark* for defendants.

In order to sustain this action, we think it necessary that the defendants be found to be either partners among themselves, or if not among themselves, yet as to third persons, or that defendant,

Noyes, must be treated upon some ground as the agent of the others, and so the hiring of the plaintiff the contract of all.

1. The facts found by the auditors do not constitute a partnership between the defendants themselves.

Here is no contemplation of profit and loss, which is essential to a partnership contract. They were merely tenants in common of the mill site, and of the mill when completed. Their interests were all the while individual. It was an interest in real estate, and in that there can be no partnership. *Baker* v. *Wheeler*, 8 Wend. 505. *Coles* v. *Coles*, 15 Johns 160.

If two persons agree to build a ship together, to be owned by them in certain proportions, they will not be partners in the transaction. *Merrill* v. *Bartlett*, 6 Pick. 46.

Where two persons are jointly concerned in the building of the mill, the promise of one to pay for advances will not bind the other. The community of interest does does not create them partners. *Porter* v. *McClure*, 15 Wend. 187.

Neither party could at any time dispose of more than his own individual right.

2. They cannot be treated as partners, as to third persons.

There is no partaking of profits, such as the rule upon which such a partnership rests, contemplates.

Neither of these defendants held himself out as a partner.

The plaintiff's expectation that the " company " was liable, was without foundation.

3. The contract between the parties was express, that neither was to pledge the credit of the others.

Partnership is not sufficient to imply an agency.

There is no community of rights or interests or authorities between part owners.

Nor are they agents of each other, unless by special authority. Story on Part. 636.

The declarations of Amos Noyes to prove a partnership were inadmissible. *Nickler* v. *Walpole*, 11 East. 226. 3 Starkie Ev. 807. *McPherson* v. *Rathburn et al.* 7 Wend. 216. 3 Stephens N. P. 2424.

The declarations of Amos Noyes were inadmissible for any purpose. He was a competent witness, and should have been called.

XXV. 26

His own testimony was the best evidence. *Ross* v. *Knight*, 4 N. H. 236.

4. The plaintiff's account was barred by the statute of limitations.

It makes no difference that the original contract was made before the Revised Statutes took effect.

The new contract, by which it is taken out of the statute, if at all, must be governed by the laws in force when it is made.

*Hebard* and *Martin* for plaintiff.

I. The first question arising in this case is — Were the defendants partners, at the time when, and in the business about which, the plaintiff performed the services charged for in this account?

Upon this question, it would seem that the finding of the auditors must be conclusive.

1. They owned the property in stated proportions.

2. They were to be at the expense of rebuilding and furnishing, in proportion to their respective shares.

3. They were to share the profits (and consequently the losses) in the same proportions.

4. When either of the partners purchased materials or hired help about the concern, it was to be, and was, charged by him to the COMPANY.

5. The plaintiff performed the services charged for, with the expectation and understanding that the COMPANY was liable therefor. *Kellogg* v. *Griswold*, 12 Vt. 291. *Stearns* v. *Haven et al.* 14 Vt. 540.

II. Were the auditors right, in permitting the plaintiff to testify to the payment of the sums credited on his book to the defendants?

That he was not a *competent* witness to prove *that* fact, is not the objection made by the defendants.

If then he was competent to that extent, it is not readily seen upon what ground the auditors could have refused the testimony, seeing that was the purpose for which it was offered.

The following cases conclusively settle this point against defendants: *Sargent* v. *Town of Sunderland*, 21 Vt. 284. *Hapgood et al.* v. *Southgate's Admr.*, 21 Vt. 584.

Noyes *v.* Cushman et al.

III. Was the witness, Andrew B. Noyes, properly admitted to testify before the auditors?

It is objected to by the defendants,

1. It is incompetent to prove by a third person (who heard them) the *admissions* of a party to an action wherein he (the party) is a competent witness.

2. It is incompetent to prove the admissions of one partner, of payments made by him, which if substantiated, (that is; if true) will remove the statute bar.

3. It is incompetent to prove the admissions of one partner, that he and others were partners, for the purpose of proving the partnership.

The bare statement of the first two objections sufficiently exposes their absurdity.

As to the 3d, we claim that it is competent to prove the admissions of one of any number of partners, that they are partners; if for no other purpose, certainly it will fix his liability. And we submit, that from the admissions of each of the partners, made at different times and to different persons, the partnership can be proved.

So, if there is other proof as to two of three of these partners, the admissions of the third may be proved in order to determine the members of the partnership. *Cottrill* v. *Vanduzen et al.* 22 Vt. 511.

IV. As to the statute of limitations, we insist that inasmuch as the right of action in this case accrued prior to the taking effect of the Revised Statutes in July, 1840, the plaintiff's rights are not affected by the provisions of that act; and that the admission or payment by one joint contractor or partner, takes the case out of the statute, or removes the statute bar as to the whole. Rev. Stat. chap. 58, sections 23, 24, 27, 29. *Mills* v. *Hyde*, 19 Vt. 59.

The opinion of the court was delivered by

ISHAM, J. The auditors have reported a balance due the plaintiff, subject to objections which have been taken by the defendants.

It is insisted by the defendants, that they were not partners when the services were rendered by the plaintiff, and that this joint action against them, as such, cannot be sustained. We learn from the report, that the grist mill and privilege were at first purchased by the defendants, Cushman and Noyes, under an agreement to rebuild

the same and share equally in its expense; and that afterwards one sixth of the same was purchased of them by the defendant, Morse, under an agreement to be at a like proportion of the expense of rebuilding and putting the mill in proper condition for improvement and use. These several purchases vested the title and interest in these premises in the defendants, as tenants in common. Their mutual obligation to rebuild and repair does not necessarily constitute them partners, for, as observed by Judge Bronson, in *Porter* v. *Mc Clure,* 15 Wend. 192, "they may or may not become partners in carrying on milling business." A mere community of interest in real or personal estate does not constitute a partnership. But where a purchase of that character is made, and the premises are rebuilt or repaired for the purpose of prosecuting some joint enterprise or adventure, and under an agreement to share in the profits and loss of the undertaking, the contract then becomes one constituting a partnership; and each member thereof is liable as a partner; and they are liable jointly for services performed in perfecting their joint undertaking.

The report of the auditors shows this to have been the character of the contract, as made by these defendants. After having obtained a joint interest in the grist mill and privilege, they became obligated to rebuild and repair the same, for the purpose of prosecuting a joint undertaking in the use of this property for milling purposes; and that the defendant, Morse, was to have one sixth of the toll or profits of the mill, and one half of the remainder for taking charge of the same; and that the other defendants, Cushman and Noyes, were to have the remaining shares. In this contract are found all the elements of a partnership even as between themselves, much more as to third persons; and whatever agreement may have been made as between themselves, as to the manner in which other persons were to be employed and paid, it can have no effect upon their liability to those who have rendered services in promoting their joint undertaking, particularly where, as in this case, the services were rendered under the understanding that the defendants were jointly liable therefor, and when the plaintiff was ignorant of any different arrangement as between the defendants. We think, therefore, the auditors came to a right conclusion, that the defendants were liable as partners on this account to the plaintiff.

From the facts stated by the auditors, the plaintiff's account is

saved from the operation of the statute of limitations, by the pay-ments which are passed to the defendants' credit. The plaintiff was competent to testify to the fact of such payments, and the cir-cumstances attending it, though its effect was to remove the statute bar. The case of *Hapgood* v. *Southgate,* 21 Vt. 588, directly dis-poses of this question. At common law, part payment by one part-ner will remove the statute bar as against all the partners. The effect of such payment is not taken away by the 26th section of the Compiled Statutes, 381, which provides that the payment shall be effectual for that purpose only as against the party paying, and not against other joint contractors. This cause of action having accrued before that act took effect, the case is expressly excepted from its operation by the 28th section of the same act.

In relation to the admission of the declarations of Amos Noyes, we think, under the circumstances of this case, they were properly received, so far as to charge him as partner, though they could not have been received as evidence against the others.

The report not showing that any other effect was given to that testimony, the presumption arises that that was the only effect given to it. The case of *Cottrill* v. *Vanduzen,* 22 Vt. 511, is similar to this, and upon the strength of that case we think this objection must be overruled.

The result is, that the judgment of the County Court is affirmed.