## WILLIAM P. BRIGGS *v.* THE ESTATE OF HENRY THOMAS.

*Statute of limitations. Settlement of estates.*

If a debtor die before the statute of limitations has run upon his debt, his death will at most only suspend the operation of the statute until two years after the grant of letters testamentary or of administration upon his estate.

The plaintiff's claims against the intestate, being on note and book account, matured in 1843. The intestate died in 1847, and administration was immediately taken on his estate, and commissioners appointed who made their report in June 1848, the plaintiff having neglected to present his claims before them. The estate remaining unsettled, the plaintiff, in 1856, procured the probate court to open the commission for the receipt and examination of the plaintiff's claims: *Held,* that they were barred by the statute of limitations.

APPEAL from the decision of the commissioners on the estate of Henry Thomas, disallowing the plaintiff's claim.

It appeared that the plaintiff's claim, which consisted of notes and a book account, accrued and became due in 1843; that the intestate died on the 3d of July, 1847; that immediately thereafter administrators were appointed on his estate, and also commissioners to receive, examine and adjust all claims against him, and that the 11th of February, 1848, was fixed by the probate court as the limit of the time for the presentation of such claims; that the plaintiff's claim was not presented to the commissioners nor acted on by them previous to that time; that on the 23d of June, 1848, the commissioners returned their report to the probate court; that the same was accepted and allowed, and contained no mention of the plaintiff's claim; that on the 25th of November, 1856, the plaintiff applied to the probate court in writing to open the commission, and the estate not having then been settled, the probate court, after giving due notice of the application, opened the commission and gave the plaintiff five days to present his claims and procure a report on the same, during which time the claims in question were presented, and were disallowed, and so reported by the commissioners, from which disallowance the plaintiff appealed.

In the county court, the defendant having pleaded the statute of limitations, the court, at the September Term, 1858, in Chit-

tenden county, — PIERPOINT, J., presiding, — decided that the plaintiff's claims were barred by the statute of limitations, and rendered judgment for the defendants, to which the plaintiff excepted.

The plaintiff, *pro se*, with whom was *J. A. Wing.*

*Roberts & Chittenden* and *Geo. F. Edmunds,* for the defendant.

POLAND, J. The general statute of limitations, applicable to the claim of the plaintiff, bars a recovery after six years.

The 15th section of our statute of limitations provides, that, when a debtor dies, the creditor shall have the further time of two years in which to procure his claim to be allowed by the commissioners, unless they shall make their final report in a shorter time.

The statute evidently proceeds upon the basis that from the death of the debtor until the final report of the commissioners, within the two years, all claims against the estate are to be considered as pending allowance and adjustment by the commissioners, and therefore during this period the statute shall not run upon the claim, on the same principle that the statute does not run upon a claim while an action is pending to enforce it.

This we think is the only effect of this 15th section : to suspend the operation of the statute for this period, but that in all other respects the statute is left to have its ordinary and general effect upon the debt.

It has been generally understood, and may now probably be regarded as settled, that from the death of the debtor until the appointment of an administrator, the statute would not run, and for the plain reason that during such period there is no mode in which the creditor can enforce his claim; *Hapgood* v. *Southgate,* 21 Vt. 584. But this case is not affected by such a principle. But the plaintiff claims that the effect of the act of 1845, Comp. Stat. 351, sec. 9, empowering the probate court in its discretion to open a commission for the allowance of claims after the expiration of the two years, at any time before the settlement of the estate is finally closed, is when acted upon, and a commission opened, to extend this suspension of the statute over the whole

13

period of time from the death of the debtor until the last report of the commissioners is made, although it may be more than two years, or more than the whole time allowed by the general statute of limitations.

Section 15, Compiled Statutes 352, provides that all claims not presented to commissioners within the period allowed shall be forever barred, etc. And this applies to all claims, whether barred by the statute of limitations or not.

This is not properly a statute of limitations, but was made for the purpose of compelling all claims to be brought in before the commissioners, so that there may be a speedy settlement of the estate. It is a statute bar, or statute discharge of the claim, so that no recovery can be had upon it in any other form.

The act of 1845, when acted upon by the probate court, removes this statute bar, as to the particular claim for which the commission is open, but does not affect the operation of the statute of limitations. It gives the claimant an opportunity to present and litigate his claim, but leaves him to sustain it or not upon general principles of law, and subject to all legal defences which may have attached to it.

In the present case the plaintiff's claim had run some four years before the death of the intestate, and more than six years after the commissioners had made their original final report, before the plaintiff procured the probate court to open the commission to allow him to present his claim.

We all agree that the court below correctly held the plaintiff's claim barred by the statute of limitations. This construction gives effect to all the various statutes, and deprives no party of a fair opportunity to substantiate his claim if he have a just one, while the opposite one claimed by the plaintiff, would keep claims on foot as long as the final settlement of an estate might be delayed, however great, which is a result the legislature could never have intended.

Judgment affirmed.