(No. 21118.—

MARY KINSCH *et al.* Plaintiffs in Error, *vs.* EVA KINSCH, Defendant in Error.

*Opinion filed April 23, 1932—Rehearing denied June 10, 1932.*

DANIEL L. MADDEN, (FERDINAND J. KARASEK, of counsel,) for plaintiffs in error.

FRANKLIN RABER, and JOSEPH L. IMMEL, for defendant in error.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

The circuit court of Cook county entered a decree in a proceeding for the registration of title to certain real estate in said county finding the title to the real estate to be in the defendant in error, Eva Kinsch, the widow of John Kinsch, deceased, and directing that the title be registered in her name. Plaintiffs in error, Mary Kinsch, Margaret Kinsch, Elizabeth Kinsch, Anna Kinsch and Nicholas Kinsch, children of John Kinsch by a former wife, have sued out a writ of error for a review of this record.

The property in question is located at 3929 North Claremont avenue, in the city of Chicago, and is improved with a two-story brick two-flat building. Title to this property was acquired by John Kinsch and defendant in error as joint tenants in April, 1920. In November, 1924, Kinsch and defendant in error conveyed the property to Joseph Scherer, who immediately re-conveyed it to them as tenants in common. On December 22, 1928, Kinsch died, leaving a will, which was admitted to probate and by which he devised his real estate to defendant in error for her life, with

remainder to plaintiffs in error, his five children, and his step-son, George Burggraf, and his step-daughter, Margaret Luecke, share and share alike. Defendant in error filed a renunciation of the will, and an administrator with the will annexed was appointed to settle the estate. On April 20, 1929, before the estate of Kinsch had been settled, plaintiffs in error Mary, Margaret, Elizabeth and Anna Kinsch filed in the circuit court of Cook county a petition asking that the title to the property in question be registered in the names of the five plaintiffs in error and Margaret Luecke, Raymond Burggraf and Gertrude Burggraf, a son and daughter and the only heirs-at-law of George Burggraf, deceased, subject to a life estate and an undivided half interest therein in defendant in error. Defendant in error and Margaret Luecke filed their answer to this petition. While the cause was pending, the administrator with the will annexed filed in the probate court of Cook county a petition to sell the real estate in question to pay the debts of the estate of Kinsch, and, after hearing, the prayer of the petition was granted and an order entered that the interest in the property owned by the deceased at the time of his death be sold by the administrator. Pursuant to that order the deceased's half interest in the property was sold by the administrator and bought by defendant in error. The administrator's report of the sale was approved by the probate court and he made a deed to the interest in the property owned by Kinsch at his death to defendant in error. On April 21, 1930, defendant in error filed in the circuit court what is termed a supplemental petition, in which she set up the facts above mentioned and asked that the title to the property be registered in her name. Plaintiff in error Nicholas Kinsch filed an answer to this supplemental petition in which he denied the allegations thereof. Plaintiffs in error Anna, Margaret and Elizabeth Kinsch filed an answer, in which they set up that they supplied and furnished out of their earnings the money that was used

by their father to purchase the property, and asked that a resulting trust be declared in their favor in the property to the extent of the amount of the purchase price thereof furnished by them. The cause was referred to an examiner of titles, who took and reported the evidence and made his recommendation that a decree be entered in accordance with the prayer of the supplemental petition of defendant in error. Objections to the examiner's report were overruled and exceptions thereto were overruled by the chancellor, who entered a decree that the title to the property be registered in the name of defendant in error, as recommended by the examiner.

The evidence shows that the mother of plaintiffs in error died in the year 1911 or 1912, and that John Kinsch, their father, married defendant in error in 1915. At the time of the death of the mother of plaintiffs in error and until some time in 1920, after the property in question had been bought by Kinsch, he lived with his family at 2021 West Twenty-second place, in the city of Chicago, in a home owned by him. Nicholas Kinsch lived at his father's home until some time in 1918. The other four plaintiffs in error, daughters of John Kinsch, so far as the record shows, are not married and they lived in their father's home until after his death. In 1920 Kinsch sold the property owned by him on West Twenty-second place and bought the property in question, located at 3929 North Claremont avenue, for either $7250 or $7500, and all of the purchase price therefor except $3500, for the payment of which a mortgage on the property was executed, was paid in cash. Kinsch, his four daughters and defendant in error resided in one of the flats in this building on Claremont avenue and the other flat was rented. At the time this property was purchased, plaintiff in error Mary Kinsch, who is also sometimes called in the record Marie or Margaret Kinsch, who was born in 1897, was the only one of the four daughters that had reached her majority. The

evidence shows that she went to work in 1915 for eight dollars a week; that during the first ten weeks she worked she gave all of her earnings to her father; that after the first ten weeks she no longer gave to her father all of her wages but paid a certain sum each week to her father and defendant in error as board. Plaintiff in error Margaret Kinsch was twelve years old when her father married defendant in error, in 1915. She went to work in 1917 at a salary of $50 a month. She testified that up until about the time of her father's death, when she was earning $100 a month, she turned over to her father and defendant in error all of her earnings, and that they furnished her with clothing, lodging, meals, car fare, spending money, etc. Plaintiff in error Elizabeth Kinsch was ten years old when her father married defendant in error. She started to work in 1919 at a salary of about $15 a week. She testified that until about the time of her father's death she turned over her earnings to her father and defendant in error. Defendant in error testified that after some time in the year 1921 Margaret and Elizabeth did not give all their earnings to their father but paid only eight dollars a week as board. Plaintiff in error Anna Kinsch was born in 1908. She started work in 1924 and received wages of $15 a week. She testified that until January, 1928, she gave all of the money that she earned to her father and defendant in error. Plaintiff in error Nicholas Kinsch testified that for a year and a half prior to the time he left his father's home in 1918, he gave his father and defendant in error $25 a week, which was used to help pay the general running expenses of the home, and that some time in the year 1917 or 1918 he gave his father $250, which was used to pay taxes and build sidewalks at the West Twenty-second place home.

The foregoing is all the evidence in the case that plaintiffs in error furnished any part of the money used in the purchase of the property in question except the testimony of various witnesses as to statements made by John Kinsch

in his lifetime to the effect that he saved money from the earnings of his daughters with which to buy the property in question; that at the time he bought the property he used certain money that had been the property of his children's mother and which he held in trust for the children, and that when he bought the property he used money that had been earned by his daughters and the proceeds of the sale of the property owned by him on West Twenty-second place. Nicholas Kinsch testified that his father owned the property in which his family resided on West Twenty-second place, and that he sold it, witness believed, for $8750. There is no other testimony in the record as to the amount realized by John Kinsch from the sale of the property on West Twenty-second place, but there is some showing in the record that there was a mortgage for $3000 against that property. There is no evidence whatever, except the statements made by Kinsch, that the mother of plaintiffs in error owned any property or had any money at the time of her death or that he ever held any money or property in trust for plaintiffs in error.

The petition of the administrator with the will annexed of the estate of John Kinsch to sell the property in question to pay the debts of the estate, and the answer of plaintiffs in error to that petition filed in the probate court, were introduced in evidence. In the answer filed by plaintiffs in error they did not claim that they, or any of them, were the owners of any interest in the property by way of a resulting trust in their favor. One of the contentions of defendant in error is that the question of the interest of plaintiffs in error in the property by reason of a resulting trust is *res judicata,* because their right to an interest in the property, either equitable or legal, could have been determined by the probate court in the proceedings for the sale of the property to pay debts. In the view we take of the case it is unnecessary to determine whether or not this contention is well founded.

Ordinarily the existence of a resulting trust is established by proof that the purchase price of property has been paid by one person's funds and the title to the property taken in the name of another. The trust does not arise by reason of any contract between the parties but comes into existence by operation of law in favor of the party whose money was used to purchase the land, either to the whole or to his equivalent portion thereof. (*Brooks* v. *Gretz*, 323 Ill. 161; *Frewin* v. *Stark*, 319 id. 35; *Bruce* v. *Roney*, 18 id. 67.) A resulting trust arises, if at all, the instant legal title is taken and the title vests. (*Lord* v. *Reed*, 254 Ill. 350; *Dodge* v. *Thomas*, 266 id. 76.) The burden of proof is upon the party seeking to establish a resulting trust, and the evidence, to be effective for that purpose, must be clear, unequivocal and unmistakable, and if it is doubtful or is capable of reasonable explanation upon any theory other than the existence of a trust it is not sufficient. (*Link* v. *Emrich*, 346 Ill. 238; *Wies* v. *O'Horow*, 337 id. 267; *Winkelman* v. *Winkelman*, 307 id. 249.) A resulting trust does not arise by reason of payments made which are not coincident with the purchase of the property and the transfer of title thereto. Such a trust must arise, if at all, from the circumstances existing at the time the title was acquired and the money was appropriated and used in the purchase thereof. Where several persons contribute to the purchase of real estate it is necessary in order that a resulting trust arise that it shall appear that the sums severally contributed were for some distinct interest or definite part of the estate. *Brooks* v. *Gretz, supra; Furber* v. *Page*, 143 Ill. 622; *Reed* v. *Reed*, 135 id. 482.

When the evidence is tested by the rules above mentioned it is manifest that it is insufficient to establish a resulting trust in the property in question in plaintiffs in error or any one or more of them. The evidence does not establish, with the degree of certainty required in cases of this kind, that any definite part of the purchase money of

the property in question was furnished by plaintiffs in error or any one or more of them. It is true that there is evidence of statements made by John Kinsch in his lifetime that the earnings of some of plaintiffs in error were used in buying the property, and also that certain money belonging to them as heirs of their mother was used in paying the purchase price of the property. Those statements were made, according to the evidence, at various times after the property was purchased, and often it appears that the memory of the witnesses who testified to these statements is not very clear what the statements were. It also appears that most of these statements were made by Kinsch when talking of having trouble with defendant in error about his daughters living in his home and when he was defending their right to live in his and defendant in error's home. There is no evidence, other than those statements, that the mother of plaintiffs in error left any estate when she died or that Kinsch ever held any money in trust for the plaintiffs in error. The statements of Kinsch also show that when the property in question was bought he used the proceeds of the sale of his West Twenty-second place property in paying therefor, and the evidence is that he sold the property for more than $8000.

The evidence shows that when John Kinsch died he and defendant in error were each seized of an undivided one-half interest in the property in question, and that defendant in error acquired the half interest therein owned by Kinsch at his death by the deed from the administrator with the will annexed of the estate of Kinsch. The evidence is insufficient to show any interest in the property in plaintiffs in error by way of a resulting trust. The circuit court did not err in finding that title to the property was in defendant in error and ordering it so registered.

The decree of the circuit court of Cook county is affirmed.

*Decree affirmed.*