STATE, JAMES H. ROMAINE, PROSECUTOR, v. WILLIAM T. CORLIES, WHO SUES FOR THE USE OF JOSEPHINE D. CORLIES.

1. Part payment of a book-account, with an express verbal promise to pay the balance within six years, takes the case out of the statute of limitations.
2. The promise to pay the balance of the account is competent evidence to show that the payment was made in part satisfaction only of an admitted claim.
3. This brings the case within the proviso of the statute " that nothing therein contained shall alter, take away or lessen the effect of any payment of any principal or interest made by any person whatsoever."

On *certiorari* to the Monmouth Pleas.

Argued at November Term, 1884, before Justices VAN SYCKEL and KNAPP.

For the plaintiff, *R. T. Stout.*

For the defendant, *W. Pintard.*

The opinion of the court was delivered by

VAN SYCKEL, J. Corlies brought suit in a justice's court against Romaine to recover the amount alleged to be due him upon a book-account contracted in 1873. Judgment was rendered in favor of the plaintiff, and on appeal to the Monmouth Pleas the judgment was affirmed.

The first reason relied upon for the reversal of this judgment is that it is barred by the statute of limitations.

To take the case out of the statute, the plaintiff below relied upon the proof of part payment in 1880 and 1881, with an express verbal promise to pay the balance.

Our statute provides that in actions of debt or upon the case, grounded on any simple contract, no acknowledgment or promise by words only shall be deemed sufficient evidence of a new or continuing contract, whereby to take any case out of the operation of this act, or to deprive any person of the benefit thereof, unless such acknowledgment or promise shall be made or continued by or in some writing to be signed by the party chargeable thereby; provided always, that nothing herein contained shall alter or take away or lessen the effect of any payment of any principal or interest made by any person whatsoever. *Rev., p.* 593, § 10.

The mere payment upon a book-account, without some act or declaration to show that the debtor recognizes the whole claim and intends to appropriate the payment upon the whole account, will not take the unpaid part out of the statute. *Vaughn* v. *Hankinson's Adm'r,* 6 *Vroom* 79.

It must appear that the payment is made only as part of a larger debt, for in the absence of such evidence it will be deemed an admission of no more indebtedness than it pays. While, therefore, the parol promise to pay the balance of the debt is not effective, as a new promise, to take the claim out of the statute, it is competent to show that the debtor intended to apply the payment as in part satisfaction only of a larger claim then recognized by him as subsisting and unpaid.

The declaration accompanying the payment shows that the debtor intended to pay part of an admitted account, and

thereby the balance is saved, as if he had paid part of a promissory note.

The parol promise to pay would by itself be unavailable, for, by the express terms of the statute, " no promise or acknowledgment by words only shall be deemed sufficient evidence of a new promise." But here the plaintiff does not rely upon a verbal promise only. He rests his case on the proviso of the statute which declares " that nothing therein contained shall alter or take away or lessen the effect of any payment."

Before the revision of the Limitation act the effect of part payment of a book-account, under the circumstances shown in this case, unquestionably was to preserve the right of action for the unpaid balance. The effect of such payment, by force of the proviso, is not impaired by the exclusion of a promise by words only as sufficient evidence of a new promise. It is still admissible by parol testimony to show upon what account the payment was intended to be appropriated, and upon such payment the law raises a promise to pay the residue of the debt.

The debtor had a right to elect and declare how the payment he made should be appropriated, and legal effect must be given to such payment in accordance with such appropriation.

The payment with the accompanying declarations takes the case out of the statute.

The further objection that the suit is to the use of Josephine Corlies, without proof of a legal assignment to her, is not well taken. If such proof was necessary, parol evidence was offered, without objection, that the claim was assigned.

The judgment below should be affirmed.