## N. C. PERRY ET AL. *v.* LIZZIE B. ELLIS.

1. LIMITATION OF ACTIONS. *Payment of interest or part of principal of debt.*
   Neither the payment of annual interest on a debt nor a part of the principal thereof has any effect upon the operation of the statute of limitations of this State.

2. SAME. *Verbal acknowledgment or new promise. Written obligation for forbearance.*
   A debtor's verbal acknowledgment of a debt or new promise to pay the same does not interfere with the running of the statute of limitations, even where the creditor, upon a "sufficient consideration," obligates himself in a writing signed by him to postpone the collection of the debt for a certain period, and to forbear the use of any means to enforce payment thereof during such period.

3. SAME. *Operation on note and trust-deed of decedent. Absence of heir.*
   The operation of the statute of limitations upon a promissory note secured by a deed of trust on lands belonging to the maker of the note and grantor in the deed is not affected, after the death of such maker and grantor, by the absence of his heir from this State, the right of action on the note being against the legal representative of the deceased debtor; and if the statute be permitted to bar action on the note it also bars suit to enforce the trust-deed against the land descended to the absent heir.

4. SAME. *Bar by contract of forbearance. Payment of interest by heir. Estoppel.*
   Nor is the heir in such case estopped to plead the statute of limitations by the fact that the payee in the note and beneficiary in the trust-deed, in consideration of payment by the heir of annual interest on the note, agreed not to enforce payment of the principal until after the lapse of a certain period, during which the right of action became barred, the payment of interest having been made without any legal obligation on the heir to pay either the debt or interest thereon.

5. SAME. *Form of plea in chancery. Accuracy.*
   A plea of the statute of limitations (to a bill in chancery), which avers that the defendant made no promise in writing to pay the debt within six years

Statement of the case.

and four months after the cause of action accrued, when it should state the period as six years and two months, is good, as the greater period embraces the smaller, and as it is sufficiently accurate to notify the complainant what statute is relied upon by the defendant.

6. LIMITATION OF ACTIONS. *Wife's money lent by husband. Ignorance of borrower. Rule as to trustee and beneficiary.*

Where a man lent his wife's money as his own, and the fact that it was hers was not known to the borrower till after the collection of the debt had been barred by the statute of limitations, the rule that though a trustee be barred the beneficiary, if under a disability, is protected, could not be invoked, even prior to the operation of § 2694 of the Code of 1880, which abolished that rule.

APPEAL from the Chancery Court of Hinds County.

HON. E. G. PEYTON, Chancellor.

On the 3d of March, 1876, N. C. Perry lent W. N. Beauchamp one thousand five hundred dollars, and took his promissory note, due twelve months after the date thereof, for the sum of one thousand seven hundred and twenty-five dollars (being the principal of the amount of the loan with a year's interest at the rate of fifteen per cent. per annum), payable to " N. C. Perry." To secure the payment of this note Beauchamp executed a deed of trust upon a certain tract of land to W. D. Anderson, as trustee, for the benefit of N. C. Perry. On the 13th of August, 1876, W. N. Beauchamp died intestate, leaving as his heirs a son and daughter, B. H. Beauchamp and Lizzie B. Mimms. On the 6th of November, 1876, E. E. Mimms, the husband of Lizzie B. Mimms, was appointed administrator of the estate of W. N. Beauchamp, deceased, but he died September 29th, 1879, without having rendered a final account of his administration. Since then, up to the commencement of this suit, there has been no administrator of that estate. On the 20th of May, 1878, B. H. Beauchamp sold and conveyed to his sister, Lizzie B. Mimms, his interest in the land covered by the deed of trust to Anderson.

At the time Perry lent the money to Beauchamp, as above stated, the former was the husband of Aggie P. Perry, to whom he was married in the year 1860. On the 12th of April, 1881, she died intestate, and there was no administration on her estate. The

Beauchamp note not having been fully paid off, the bill in this case was filed May 5, 1884, by N. C. Perry and his children, as the heirs of Aggie P. Perry, deceased, against W. D. Anderson and Lizzie B. Ellis, formerly Lizzie B. Mimms, alleging that the money lent to Beauchamp was her money and was lent by her husband as her agent and trustee, and asking for a decree ascertaining the balance due on the note, and ordering a sale of the land covered by the deed of trust to satisfy such balance. Lizzie B. Ellis answered the bill, denying that the money for which her father gave his note to Perry belonged to the wife of the latter and was lent by him as her trustee and agent, and averring that Perry, in lending said money, receiving payments on the note, and in all the transactions connected therewith, " held out and represented to those dealing with him that he was the sole party in interest in said money, and never till the filing of his bill asserted that his wife or her heirs had any interest therein." The answer contained the further averment " that within the period of six years and four months next after the date of the maturity of said note neither the said W. N. Beauchamp nor his legal representatives nor this defendant promised in writing to pay the said note or the sum of said money evidenced by the same, or any part thereof; and that, in consequence, if any sum remains unpaid on said note it is barred by the statute of limitations." An allegation in the bill to the effect that B. H. Beauchamp, at the time of his father's death, was " a resident of the State of Texas and continued to be until after the 20th of May, 1878," was met by a denial in the defendant's answer.

The evidence shows that a part of the principal and the annual interest had been paid on the note upon which the suit is based between the date of its maturity and the filing of the bill herein, and that several contracts made consecutively were entered into between N. C. Perry and the defendant, Mrs. Ellis, acting through her agent, whereby Perry agreed, in consideration of payment of the annual interest on the note, not to enforce the deed of trust or take any other steps for the collection of the note till after a date specified in each of such contracts, the last date of forbearance being the 1st day of March, 1884. These contracts, as to Perry, were in

writing and signed by him.  They were not signed by Mrs. Ellis nor any one for her.  The evidence as to whether the money for which the note in question was given belonged to N. C. Perry or his wife is rendered immaterial by the view taken of that question by this court.  The effect of the proof as to B. H. Beauchamp's absence from this State is stated in the opinion of the court.

The court below dismissed the bill of complaint, and the complainants appealed to this court.

*Wells & Williamson,* for the appellants.

1. If the court should conclude that the money loaned was N. C. Perry's and not his wife's, is the claim sued on barred ?

We call the attention of the court to the plea under which this defense is made.

In endeavoring to adapt the plea to § 2669 defendant says " six years and four months."  We insist that there is no statute of limitations involved in this case of six years and four months.  The debt became due 3d of March, 1877.  Letters of administration were granted to E. E. Mimms 6th of November, 1876.  The debt was not due when letters of administration were granted to Mimms, and did not become due (counting days of grace) until *four months* after letters granted, to wit : from November 6, 1876, to March 3–6, 1877.  But under the statute the administrator could not be sued until six months after letters granted ; hence the cause of action did not accrue until May 6, 1877, which was *two* months after the note matured.  If the defendant desired to set up this defense it should have been plead six years and *two* months, and not six years and *four* months, as was done.

2. We insist that if there was a payment of interest or any part of the principal of the debt within six years, or if there was a distinct verbal acknowledgment of the debt within six years, then either of these will take the case out of the statute of limitations.

As we had no statute on the subject of what would take a case out of the statute of limitations prior to February 26, 1844, all of our decisions made on the law as it existed prior to that time were made on the common law, and the common law being the same as our present statute, all those decisions will be directly in point.

In *Davidson* v. *Morris*, 5 S. & M. 571, it is held that after careful examination of the authorities " an express acknowledgment of the debt as a debt due at that time or an express promise to pay it must be proved to have been made within the time prescribed by the statute." This was a case where the new promise was verbal, not written, and made before we had any statute on the subject of new promise, and when the common law was the same as it is now. This case is referred to in *Smith* v. *Westmoreland*, 12 S. & M. 665, and the same doctrine announced.

*Anderson et al.* v. *Robertson*, 2 Cush. 390, refers to *Smith* v. *West-moreland, supra,* and approves the doctrine there laid down that " a partial payment of a note does not take a case out of the statute unless accompanied by an express acknowledgment of a further indebtedness or by an express promise to pay."

3. If the contracts between Mrs. Ellis and Perry and signed by him were *valid contracts,* then Perry could not have enforced the deed of trust while they were in force; and if he could not, then it is a clear proposition that the statute of limitations could not run against him. See Angell on Limitations, § 121.

4. Mrs. Ellis is estopped by her conduct from pleading the statute of limitations to this note.

It is manifest that the extension of the time for payment was made at the instance and request of Mrs. Ellis and for her benefit. She has actually received the benefit of these several contracts. Now she seeks to repudiate them without placing Perry back in the same position he occupied before they were made. See *Shevees* v. *Simmons,* 54 Miss. 522; *V. and M. R. R.* v. *Ragsdale,* 54 Miss. 200; *Staton* v. *Bryant,* 55 Miss. 269 ; *Davis* v. *Bowmar,* 55 Miss. 672; *Gordon* v. *Manning,* 44 Miss. 761 ; *Clop* v. *Levy,* 57 Miss. 635.

5. B. H. Beauchamp was a non-resident of this State at the time of his father's death, which was before the maturity of the note, and continued to be till after the 20th of May, 1878, when he sold his interest in the land to Mrs. Ellis, and six years had not elapsed after Mrs. Ellis acquired the interest of her brother before the commencement of this suit. We do not see how the statute

can bar the suit as to this one-half interest in the land. *Trotter* v. *Erwin*, 5 Cush. 772 ; *Fisher* v. *Fisher*, 43 Miss. 212 ; *State* v. *Furlong*, 60 Miss. 845 ; *Pendel* v. *Harris*, 57 Miss. 739 ; *Wethers* v. *Bullock*, 53 Miss. 539.

*W. C. Wells* and *C. M. Williamson*, counsel for the appellants, also argued the case orally.

*J. K. McNeely*, for the appellee.

The defendant pleads that neither she nor any one else has promised in writing within the period of six years and four months. The greater contains the less, and if a plea of six years and two months would have covered the case, it is fully covered by the six years and four months. There is no merit in the objections as to the form of the plea.

It is not insisted that more than the interest on the note has been annually paid since the death of E. E. Mimms, the administrator. If this is true, there was no consideration paid Perry for his forbearance to sue or to forclose his mortgage, and his agreement so to do was *nudum pactum*, and not binding. He could then have brought his suit or proceeded according to the terms of his trust-deed at any time before the intervention of the bar of the statute. Seven years elapsed from the time his right of action accrued before the filing of the bill of complaint. Therefore the suit is barred. *McCann* v. *Lewis*, 9 Cal. 246, 1 Wend. 389 ; *Miller* v. *Holbrook*, 19 Wend. 317 ; *Kellogg* v. *Olmstead*, 28 Barb. 96.

But this suit is based upon the theory that although the note may be barred as to N. C. Perry, it is not barred as to the heirs of Mrs. Perry if the money loaned was her property. This position is not sound.

Admitting that the money loaned by Perry belonged to his wife, and that he acted as her agent, *these facts were not disclosed at the time of the loan, or any other time until the commencement of this suit.*

The principal's right to enforce contracts made by his agent is subject to this rule : That if the agent has been allowed to deal in his own name the party dealing with him will enjoy the same rights against the principal as he might have exercised against the

agent had he been really the principal. 1 Comp. 444; *Sims* v. *Bond*, 5 B. & Ald.; *Baltimore Coal Tar Co.* v. *Fletcher*, Maryland Appeals, March, 1884; The Reporter, April 20, 1884; *Ford* v. *Williams*, 21 How. 287; Story on Agency, §§ 420, 404; Smith on Mercantile Law, 2d ed., 77; Ib. 3d ed., pp. 135, 136, 139; *Lude* v. *Marine Ins. Co.*, 6 Wheat. 565, 570, 571; 3 Hill 72, pact. 419, 420.

When the cause of action against the agent of an undisclosed principal is barred by the statute of limitations no action can be brought against the principal when discovered. *Ware* v. *Galveston City*, U. S. Sup. Ct., March 31, 1884; Central Law Journal, May 2, 1884, Vol. 18, 358; 4 S. C. Reports 337.

As to the absence of B. H. Beauchamp from the State, I would say he owed Perry nothing, and his presence or absence could have no effect upon Perry's rights. Perry could have sued the administrator or enforced his trust-deed, and Beauchamp would not have been a proper party to the proceeding.

*J. K. McNeely* also argued the case orally.

*E. E. Baldwin*, on the same side.

1. Can an undisclosed principal, disclosing himself, stand in any better plight than the agent, who has been the ostensible principal, already occupies?

It is well settled that in such a case the principal disclosing himself only takes the position previously occupied by the agent and ostensible principal, and has only the same rights and is subject to the same equities as he would be in every respect.

He steps into the shoes of his quondam agent and simply takes his place—nothing more.

The reason is obvious. Persons allowing their agents to deal with their property in their name must not claim any rights therein to the detriment of those who have acquired rights therein by the apparent ownership of their agents.

2. Does a promise in writing to forbear, made by the creditor in consideration of payment of the interest or a part of the principal of the debt, stop the running of the statute of limitations?

It cannot, for the following reasons: (1st.) It is *nudum pactum,*

and binding on no one. *McCann* v. *Lewis,* 9 Cal. 246 ; *Miller* v. *Holbrook,* 19 Wend. 317 ; *Kellogg* v. *Olmstead,* 28 Barb. 96 ; *Overton* v. *Bannister,* 3 Hare 503.

(2d.) It does not come within § 2688 of the Revised Code. This provides that " in actions founded upon any contract no acknowledgment or promise shall be evidence of a *new or continuing* contract, whereby to take any case out of the operation of the provisions of this chapter or to deprive any party of the benefit thereof unless such acknowledgment or promise be made or contained in some writing signed by the party chargeable thereby, etc."

Now in this case the original contract was the note given by W. N. Beauchamp. Neither he nor any one representing him or his heirs have ever signed any writing making any promise to pay the note at any other date than the date of maturity named in it. That being the case, the forbearance clauses in the receipts are of no effect to prevent the running of the statute.

*E. E. Baldwin* made an oral argument also.

COOPER, C. J., delivered the opinion of the court.

Neither the payment of the annual interest on the debt nor the payment of a part of the principal is sufficient under our statute to withdraw it from the operation of the statute of limitations. It is true that under the act of 9 Geo. IV (Lord Tenterden's act) it was held that a part payment was sufficient evidence of a continued recognition of or new promise to pay a debt which would otherwise have been barred, but this was because the words of that statute were that " no acknowledgment or promise *by words only* shall be deemed sufficient evidence of a new or continuous contract, etc., unless such acknowledgment or promise shall be made or contained by or in some writing to be signed by the party chargeable thereby." Our statute is that " no acknowledgment or promise " shall be evidence, etc., unless it be by or in some writing, etc. ; and, therefore, whether the acknowledgment or promise be by words only or in any other manner it is invalid unless in writing.

Nor is the bar of the statute avoided by reason of the alleged verbal contract by which the parties on a sufficient consideration

agreed to extend the time for the payment of the note, even though by the contract the complainant placed it out of his power to sue ; for where the acknowledgment or promise is required to be in writing, a contract having the same effect must also be in writing. *Hodgdon* v. *Chase,* 29 Maine 47.

The fact that one of the heirs-at-law of the debtor was a non-resident of this State during much of the time during which the statute was running does not so modify its effect as to continue the liability of his interest in the land to sale. The absence of this person did not suspend the operation of the statute on the note, on which an action must have been brought, if at all, against the administrator of the debtor; and all action on the note being barred, so also is all right to go against the land, which stood as a mere security for the note.

The form of the plea by which the defense is interposed is not subject to the objections urged.

The plea is sufficient in form, for if there was no promise made within six years and four months it is evident there could not have been such promise within six years and two months. The complainants had notice of what statute was relied on, and that was sufficient.

Nothing appears on the record by reason of which the rule of estoppel can be applied to the defendant. She was under no legal obligation to pay the debt or the interest thereon, and all that appears is, that in consideration of payments of the interest from year to year by her, the complainant agreed not to foreclose the mortgage until a certain time, within which time the debt became barred.

If it be conceded that the money loaned belonged to Mrs. Perry and not to her husband, no different result than that which has been reached would follow. If it was Mrs. Perry's money she, or since her death her representatives, might have proceeded to collect it as long as it was collectible. But an enforceable demand cannot be created where none exists, in order that the wrong done to the wife by the husband may be remedied. Neither Beauchamp nor his representatives knew that Mrs. Perry had or claimed any

interest in the fund. It was loaned and borrowed as the money of Perry ; the note was payable to him, and in the absence of any steps by the wife to collect it, it remained his until barred by the statute, and being barred as to him it was barred as to the wife and her distributees.

The rule that though the trustee is barred by limitations, the beneficiary, if under disability, is protected, has never been recognized except in cases where the relationship of trustee and *cestui que trust* was known to exist. The cases of *Bacon* v. *Gray*, 23 Miss. 144 ; *Fearn* v. *Shirley*, 31 Miss. 304 ; *Pearson* v. *McMullin*, 37 Miss. 609 ; *Anding* v. *Davis*, 38 Miss. 598 ; *Pittman* v. *McClellan*, 55 Miss. 299 ; and *Eckford* v. *Evans*, 56 Miss. 24, were all cases in which the character of the trustee was known. Even the rule recognized in those cases has been by statute abolished (Code of 1880, § 2694), and though the bar of this statute would not have attached to this cause of action if it existed, we are unwilling to extend the operation of the rule, abolished as to the future, to cases to which it has never been applied.

*The decree is affirmed.*