JOSEPH L. MINER v. CHARLES A. LORMAN.

*Partnership—Dissolution and accounting—Agreement of one partner to pay balance found due his co-partner—Statute of Limitations—Second accounting after six years, and payments on balance found due— Sufficient to keep the old claim alive and make it a legal foundation for new accounting—Promise in writing not required.*

On the dissolution of a partnership between plaintiff and defendant an accounting was had, and defendant promised to pay plaintiff the balance his due, with interest. After more than six years, the parties figured up the amount due, with interest, and on this new principal payments were made by defendant, exceeding the original principal and leaving several hundred dollars still due. In a suit brought by plaintiff to recover this balance, to which defendant pleaded the statute of limitations,

*Held,* that the second settlement, after the expiration of the statutory six years, and payments made on the new balance found due, were sufficient to keep the old claim alive so as to make it a legal foundation for the new settlement of account.

*Held,* further, that a written promise of payment was not required, the statute expressly providing that it "shall not alter, take away or lessen the effect of a payment of any principal or interest made by any person."

Error to Wayne. (Jennison, J.)　Argued January 7, 1886. Decided February 3, 1886.

Assumpsit. Plaintiff brings error. Reversed.

*William J. Gray,* for appellant.

*Prentis & Patchin,* for defendant.

CAMPBELL, C. J. Plaintiff sued defendant upon the common counts, relying on an account stated in 1881, on which some payments were then made, and upon a small sum in addition, of which there was some evidence. The evidence showed, by testimony which we think was properly admitted, that in 1874, at the close of their partnership, it was mutu-

ally agreed that the balances then appearing on the books were correct, and that defendant then promised to pay the balance due plaintiff, with interest. No payment was made until more than six years thereafter, in 1881, when the parties figured up the amount due, with interest, at $1,709.65, and on this, payments were made exceeding the original principal, leaving several hundred dollars still due.

After this case was made out, the circuit court for the county of Wayne, where the case was tried, struck out all the testimony, and directed a verdict for the defendant, and plaintiff brings error.

There cannot be any doubt of the incorrectness of this ruling, so far as it applies to the items accruing within six years; and upon that there must necessarily be a reversal. But we are also satisfied that the court erred in striking out any of the testimony. It was done, as we are informed, under a misapprehension of the decision of this Court on a former hearing (56 Mich. 212), where it was held the account stated in 1881, and the payments on it, could not create any cause of action, because, as then appearing, no legal liability had ever existed before, and there was nothing to draw interest. The present record supplies that defect, and shows, beyond question, an agreement in 1874 which amounted to a statement of accounts. The fact that it arose out of a partnership accounting makes no difference, as there were but two partners, one of whom was recognized as owing a balance to the other: *Wheeler v. Arnold*, 30 Mich. 304; *Bennett v. Smith*, 40 Mich. 211.

The only question of importance, is, whether the new settlement of the old liability of 1874, and payment upon it in 1881, were sufficient to keep alive the old claim so as to make it a legal foundation for the statement of 1881. If it was valid, then there was no occasion for amending the particulars, inasmuch as the later account stated will support the action.

It is claimed, for the defense, that, in addition to the payments, there should be a promise in writing, also, to make further payment of the debt.

Our statute is in this respect the same as the English statute, which, as a general rule, requires new promises to be in writing. But it is expressly provided that nothing in the sections requiring a written acknowledgment or promise " shall alter, take away, or lessen the effect of a payment of any principal or interest made by any person." It is difficult to imagine on what grounds any one can apply the rule requiring a written promise, to a case of actual payment, when the statute says expressly it shall not apply. Some English cases apparently favored the claim, although rather obscurely. But in *Cleave v. Jones*, 40 Law J. Exch. 238, S. C. 6 Exch. 573, the court of exchequer chamber declared that it was time to expressly overrule those cases, and did so. The case of *Williams v. Gridley*, 9 Metc. 482, had previously discussed the doctrine, and disapproved of *Willis v. Newham*, 3 Younge & J. 518, which was the origin of the repudiated rule. Where language is as plain as that of the statute, it is not desirable to extend discussion upon it. We think a complete cause of action was made out.

The judgment must be reversed and a new trial granted.

The other Justices concurred.