97   403
100  559

NANCY F. POND, Exrx., vs. ELLEN W. FRENCH.

Penobscot.    Opinion April 4, 1903.

*Limitations.   Partial Payment.   New Promise.   Removal of Bar.*
*R. S., c. 81, §§ 87, 97, 100.*

A partial payment made on account of an existing indebtedness, accompanied by an oral promise to pay the balance of it, takes the debt out of the statute of limitations up to that time.

The identity of the debts sued upon with that with which the payment is made must be established; but if it is shown that the payment was made to apply upon an indebtedness consisting of many items, all of them will thereby be saved from the effect of the statute.

Such payment is an acknowledgment of the existence of the indebtedness, and raises an implied promise at that time to pay the balance.

*Perry* v. *Chesley*, 77 Maine, 393, distinguished.

Exceptions by defendant.    Exceptions certified from the Bangor Municipal Court to this court.    Exceptions overruled.

From the bill of exceptions it appears that this was an action of assumpsit on an account annexed, the account having been contracted by the defendant with Hartford Pond.    Plea, the general issue, with a brief statement setting up the statute of limitations.    The debit items run from April 1, 1889, to August 3, 1889.    The only credit item was a payment of five dollars on account, made by the defendant to the plaintiff on August 31, 1897.    At the time of said payment defendant orally promised the plaintiff to pay said account.    Hartford Pond died in March, 1892.    The plaintiff was appointed executrix of his estate January 31, 1894.

Upon the above agreed statement of facts the court below ruled that the payment on August 31, 1897, revived the cause of action, and rendered judgment for the plaintiff, to which ruling the defendant excepted.    And it was agreed that if said action is not barred by the statute of limitations, judgment shall be rendered for the plaintiff.    If said action is so barred, judgment shall be rendered for the defendant.

*R. B. Cookson and A. L. Blanchard,* for plaintiff.

404

.POND *v*. FRENCH.

[97

*J. F. Robinson; F. J. Martin and H. M. Cook,* for defendant.

Our court has never held that a partial payment upon an account consisting of numerous items, said payment being made after the whole account has become barred by the statute, will renew said account. On the contrary, our court has decided in the case of *Perry* v. *Chesley,* 77 Maine, page 393, that a payment of five dollars on an account cannot save from the operation of the statute of limitations any item of said account, if none of said items are within six years of the date of said payment; which is holding that after a debit item in an account becomes six years old it will not be renewed or in any way affected by a payment of said account.

*Perry* v. *Chesley,* seems to have been entirely overlooked by both counsel and the court in the consideration of *Sinnett* v. *Sinnett,* in the 82 Maine, 278, as the case is nowhere referred to, either in briefs of counsel or in the opinion of the court. It seems to us that to allow stale accounts of, it may be, thousands of items each representing separate causes of action, to be revived by the payment of a trifling sum, would open a wide door to fraud and be conducive to the pernicious practices which the statute was designed to prevent.

SITTING: WISWELL, C. J., EMERY, WHITEHOUSE, STROUT, SAVAGE, SPEAR, JJ.

WHITEHOUSE, J. This is an action on a grocer's account comprising numerous small items delivered between April 1, and August 3, 1889, amounting in the aggregate to $56.29. During this period, no items of credit or part payment appear upon the account. But on the thirty-first day of August, 1897, after the debt had become barred by the statute of limitations, the defendant made a payment of five dollars on account of the indebtedness, and orally promised the plaintiff to pay the balance of it.

The case was heard in the Bangor Municipal Court. The defendant pleaded the general issue with a brief statement setting up the statute of limitations as a bar to the action. The judge of that court ruled that the part payment of August 31, 1897, revived the cause of action and rendered judgment for the plaintiff. The case comes

to this court on exceptions to this ruling, accompanied by a stipulation that if the action is not barred by the statute, judgment should be rendered for the plaintiff; otherwise judgment should be rendered for the defendant.

In *Sinnett* v. *Sinnett,* 82 Maine, 278, it was held by this court that a partial payment upon a promissory note, after it had become barred by the statute of limitations, operated as a renewal of the note and removed the bar of the statute. "It is common learning," say the court, "that an intentional part payment of a debt is an acknowledgment of its existence and a renewal of its obligation. It cannot matter how old the debt is. The recognition, the acknowledgment, will restore the legal obligation, however late they are made. We find nothing in the statute, in the books or in reason, which requires the recognition, the reinstatement to be made within six years and not after. The creditor must bring suit within the six years, but the debtor can pay or renew his obligation at any time."

Section 97 of chapter 81, Revised Statutes, provides, it is true, that "no acknowledgment or promise takes the case out of the operation hereof, unless the acknowledgment or promise is express, in writing, and signed by the party chargeable thereby." But section 100 of the same chapter declares that "nothing herein contained alters, takes away, or lessens the effect of payment of any principal or interest made by any person." Thus while a mere acknowledgment of the existence of the debt, or a mere promise to pay it, must be express and in writing to render it effectual against the statute of limitations, the act of making a partial payment upon a debt operates as a renewal of the obligation to pay the balance of it precisely the same as before the passage of the statute.

But "the language accompanying the act of payment is admissible to show the intent with which the payment is made, just as it was admissible before, and, that is so, whether or not it contains a promise to pay upon which the creditor could have maintained an action prior to the requirement that it should be in writing." *Gillingham* v. *Brown,* 178 Mass. 417. In *Benjamin* v. *Webster,* 65 Maine, 170, the facts were similar to those in the case at bar, except that the partial payment in that case was made before the debt was barred by

the statute. After discussing the question of "mutual dealings" referred to in Revised Statutes, chapter 81, section 87, the court proceed to show that the bar of the statute was also removed by force of the payment according to the provisions of section 100. "But the contract," say the court, "upon which the partial payment is made need not necessarily be a written one, but may be an oral contract as well. Such payment is prima facie evidence of a promise by the debtor to pay the balance of the debt, and conclusive evidence of the same, unless the circumstances under which the payment is made, or some proofs in the case, show to the contrary."

In the case at bar it has been seen that the partial payment of August, 1897, was unquestionably made only as a part of the larger debt of $56.29, accompanied as it was by an oral promise to pay the balance of it. "Where a partial payment is made on account of an existing indebtedness, the whole debt upon which such payment is made is thereby taken out of the statute of limitations up to that time. The identity of the debt sued on with that upon which the payment was made must, of course, be established. But if it is shown that the payment was made to apply upon an indebtedness consisting of many items, all of them will thereby be saved from the effect of the statute. The payment is an acknowledgment of the existence of the indebtedness, and raises an implied promise at that time to pay the balance." *Day* v. *Mayo,* 154 Mass. 474.

If a promissory note had been given August 2, 1889, for the amount of the debt then subsisting, viz, $56.29, no question could have been raised that the intentional part payment of August, 1897, would have renewed the obligation and removed the bar of the statute, upon the authority of *Sinnett* v. *Sinnett,* supra. But the substance of the debt is the same, whether in the form of an account or promissory note. The fact that the obligation to pay is express in case of the latter and only implied in case of the former is immaterial. The effect of a partial payment on account of a specific sum due is the same in the one case as in the other.

But the defendant insists that the action must be deemed barred on the authority of *Perry* v. *Chesley,* 77 Maine, 393, and suggests that this case is in conflict with *Sinnett* v. *Sinnett,* supra, and must have

been overlooked by the court in the decision of the latter case. Upon a careful analysis of the two cases, however, it is manifest that there is no conflict between them. The decision in *Perry* v. *Chesley* rests exclusively upon the doctrine peculiar to "mutual accounts" or "mutual dealings" between the parties, under the provisiôn of section 87, chapter 81. The effect of a partial payment on account of a larger debt, under section 100 of chapter 81, was not considered by the court in that case, and does not appear from the statement of facts to have been necessarily involved in the decision of the cause. The two cases are in this respect clearly distinguishable.

It is the opinion of the court that the part payment of August 31, 1897, operated as a renewal of the obligation to pay the debt and removed the bar of the statute of limitations.

According to the stipulation of the parties the entry must therefore be,

> *Exceptions overruled. Judgment for the plaintiff*
> *for $51.29 with interest from the date of the writ.*