## GAFFNEY v. MENTELE.

In an action against an executrix to recover money lent decedent by plaintiff, based upon the theory that defendant was liable because a part payment was made by decedent under circumstances showing an intention of removing the bar of limitations, plaintiff's son testified to a conversation with decedent in presence of witness' wife, part of which was in plaintiff's presence, and which conversation included what decedent said as to the debt sued on, as well as what plaintiff said, and testified that decedent had at the time paid $25 to plaintiff

and asked to be given credit therefor, and that plaintiff had given him credit. **Held**, that it was not reversible error to refuse to strike out the testimony upon witness' admitting on cross-examination that he had not seen the money paid, where witness afterwards testified to statements of decedent that $45 in all had been paid on his indebtedness to plaintiff, leaving a certain balance due, and witness' wife testified to seeing decedent pay plaintiff some money at the time in question.

A motion to strike out a witness' testimony, as follows, "Defendant moves to strike out this witness' testimony with reference to the payment of money," without giving any reason why it should be stricken, is not sufficiently certain and definite.

The reception over objection of testimony not responsive to a question was not reversible error, where all the facts testified to were material and would have been admissible if in response to proper questions, and no motion to strike was made.

In an action against an executrix for money lent by plaintiff to decedent, oral testimony was admissible to establish the fact that an indebtedness had existed, and that deceased made a payment thereon, thereby acknowledging the debt and taking it out of the statute of limitations.

In an action against an executrix for money lent decedent by plaintiff, plaintiff's evidence **held** sufficient to support a verdict in her favor.

In an action against an executrix for money lent by plaintiff to decedent, based on the theory that defendant was liable because a part payment was made by decedent under circumstances showing an intention of taking the debt out of the statute of limitations, and there was no evidence from which it could be inferred that the payment was not an acknowledgment of a balance due or promise to pay a balance, a requested charge that, unless the payment was made under circumstances such that it could be inferred that there was an acknowledgment of a larger sum and a promise to pay the balance thereof, defendant should recover, was properly refused.

In an action against an executrix for money lent decedent by plaintiff, testimony of plaintiff that she had a business transaction with decedent, if error, was not prejudicial, where plaintiff's son testified that the debt in question had been due plaintiff for years.

(Opinion filed, February 24, 1909.)

Appeal from Circuit Court, Hanson County. Hon. FRANK B. SMITH, Judge.

Action by Anna Gaffney against Louise M. Mentele, executrix of William H. A. Kroeger. From a judgment for plaintiff and an order denying a new trial, defendant appeals. Affirmed.

*P. A. Zollman,* for appellant. *E. E. Wagner,* for respondent.

WHITING, J.   This is an appeal from the judgment for plaintiff in the trial court and from the order denying a new trial. The cause was tried to a jury and was an action upon an open account for money loaned by plaintiff to one Wm. H. A. Kroeger, of whose estate the defendant was executrix.   The complaint set forth that prior to 1890 plaintiff had loaned said Kroeger a large sum of money, that he had made payment from time to time, and that about December 1, 1890, an accounting was had upon which it was agreed that "$600 or thereabouts" remained due.   Further payments were made from time to time, the last under date of October 1, 1902; these payments aggregating $25.   Then followed allegations of death of Kroeger, appointing executrix, notice to creditors, presenting claim, rejection thereof, etc., and demand was made for judgment for $575 and interest at 7 per cent. from December 1, 1890.   Defendant, admitting death of Kroeger and her appointment as executrix, made a general denial of other allega tions and plead statute of limitations.   Upon the trial all allegations of complaint regarding notice to creditors, presenting claim, rejection thereof, etc., were admitted, leaving only the question of whether an indebtedness ever existed against deceased in favor of plaintiff, and the statute of limitations.

Plaintiff was a witness in her own behalf, and after testifying to being acquainted with the deceased at Elkhart, Ind., back about 1879, she was asked: "While he was there, did you have any business transaction with him?"   Defendant objected on the ground that the question was incompetent, calling for a transaction with or statement by the deceased; the witness being a party to the action. The objection was overruled, exception taken, and witness answered, "Yes."   No evidence as to the nature of the transaction was sought from this witness.   This ruling is assigned as error.   Without determining whether the court's ruling was correct, we do not think it amounted, in any case, to reversible error for reasons hereinafter stated.

The second matter urged as error was the ruling of the court refusing to strike out the evidence of witness T. H. Gaffney, who, on behalf of his mother, the plaintiff, had testified that deceased had made a payment to his mother of $25 at about March, 1902,

and had asked to be given credit for that amount, and that she did give such credit. On cross-examination this witness testified that he did not see the money paid, and then defendant asked that the evidence above mentioned on direct examination be stricken out, which motion was denied and exception taken. An examinaion of the abstract shows that the answer on direct examination was given in response to the question, "You may state what was said at that conversation"; this question relating to a conversation he claimed to have had with Kroeger in presence of witness' wife in March, 1902. He went on to relate this conversation, part of which was in his mother's presence, and which conversation in part, as testified to by him, consisted in what deceased said in relation to the indebtedness sued on, as well as what his mother said. From the fact that the words complained of followed the question above, it is quite possible that his information was obtained by statements of deceased; but, in any event, it could hardly be reversible error, as witness afterwards testified to statements of deceased to the effect that $45 in all had been paid up to that time, and a balance of $555, with interest, was unpaid, and witness' wife testified to seeing deceased pay plaintiff some money at the time of this conversation in March, 1902. Furthermore, the motion to strike out testimony of witness T. H. Gaffney was not certain and definite. It was in the following words; "Defendant moves to strike out this witness' testimony with reference to the payment of money," without giving any reason why it should be stricken·

The third ruling complained of as error occurred during the examination of the wife of T. H. Gaffney. In answer to a question, and after making statements that were responsive, she started to testify concerning statements made by deceased at this March meeting above spoken of. This was objected to as not responsive, and it clearly was not responsive to question asked her. The court overruled objection, exception was taken and witness went on to relate what deceased said at that time. All of the facts testified to were material, and, if in response to proper questions, would certainly have been admissible. No motion to strike out the testimony was made, and this court certainly should not reverse the

case because proper evidence was received in an improper way, when if, upon proper motion, it had been stricken out, the plaintiff could have asked proper questions and got the evidence into the record.

The fourth claim of error is because, when the testimony was closed, the court, against the motion of defendant, refused to strike out all parol testimony as to acknowledgment of the debt by the deceased. There certainly was no error in this ruling. The evidence along this line was offered merely to establish the fact that an indebtedness had existed, and that, when payment was made thereon, it was admitted that it was on the indebtedness in question. There was no claim that by parol the deceased had acknowledged the debt and taken it out of the statute, but the whole trial, including very specific instructions, was on the theory that defendant, as executrix, if liable at all, was so liable because a part payment was made on or about March 20, 1902, under circumstances showing that the payment was made on the debt in question with an intention of renewing such indebtedness, and the oral testimony received was all competent either as showing the original indebtedness, or as showing that when payment was made in March, 1902, the deceased recognized that the payment was only a part payment of this larger indebtedness.

The fifth claim of error goes to the question of the sufficiency of the evidence to support a verdict when plaintiff's testimony closed and defendant asked for directed verdict, which motion for verdict was renewed at close of all evidence. It is unnecessary to review all the evidence, as it would serve no useful purpose; but we think that the evidence of the son of plaintiff and his wife, if same was believed by the jury—and it must have been, or under the instructions of the court their verdict would necessarily have been for defendant—fully supported the verdict, as it certainly tended to show an old indebtedness, that payment was made thereon in spring of 1902, and that it was made with full understanding that it was a part payment of this old debt, the balance of said old debt being admitted by deceased at the time he made the payment; and, tending to prove these things, 'if believed, it removed the bar of the statute of limitations.

The sixth error claimed is because the court did not instruct the jury as follows: "You are further instructed that, unless you find by a fair preponderance of the evidence that the payment was made under circumstances that you can infer that there was an acknowledgment of a larger sum and a promise to pay the balance thereof, you must find for the defendant; that is, if you find the slightest circumstance from which you would infer that the payment was not an acknowledgment of the balance due or the promise to pay some other balance, you must find for the defendant." There was no error in this for the reason, if none other, that there was no circumstance testified to from which the jury would have a right to infer that the payment was not an acknowledgment of balance due or promise to pay balance. The only testimony on this point was by plaintiff's witnesses, and everything they testified to, as we have already stated, tended, if believed, to prove an acknowledgment.

In closing we would say that the only evidence offered by the defense was an attempt to impeach plaintiff's son and his wife by showing that deceased could not have met them in March, 1902, as they claimed. Under the instructions of the court the jury had to believe these two witnesses to reach their verdict. If they believed them on points wherein there was evidence that tended to impeach them, then certainly the jury are presumed to have fully believed them on matters in which they were not disputed. The son gave considerable testimony to show that there had been for years this debt due from deceased to his mother, and therefore the bare statement by her that she had a transaction with deceased certainly is not prejudicial error, even if not strictly proper evidence under our Code.

For the reasons herein given the judgment of the trial court and order refusing a new trial are affirmed.