(75 South. 970)

## WADE v. KILLEN.   (8 Div. 9.)

(Supreme Court of Alabama.   May 17, 1917.)

1. LIMITATION OF ACTIONS ⊙⇒196(3)—PARTIAL PAYMENTS—NOTES—PAROL EVIDENCE —ADMISSIBILITY.

In action on a note, it was competent to prove payment by the defendant's intestate within two or three years by parol testimony, since it was not necessary that partial payments should be indorsed on the note or evidenced by written receipts.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. § 719.]

2. APPEAL AND ERROR ⊙⇒274(1)—REVIEW—EXCEPTIONS.

An exception to the admission of evidence must be construed most strongly against the exceptor.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1631, 1633, 1634, 1641.]

3. WITNESSES ⊙⇒180 — TRANSACTIONS WITH PERSONS SINCE DECEASED.

Where a part of testimony of plaintiff was competent because it related to transactions between defendant's intestate and plaintiff's intestate which apparently came to the knowledge of plaintiff otherwise than through her dealing with the defendant's intestate, a general objection thereto on the ground that the evidence was as to a transaction with a deceased person whose estate was interested in the result of the suit was too broad.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 726–730.]

4. LIMITATION OF ACTIONS ⊙⇒196(3)—CREDITS OF PARTIAL PAYMENTS—NOTES—EVIDENCE—ADMISSIBILITY.

Evidence of the plaintiff regarding alleged credits not shown on the note and as to credits on the note in evidence was admissible, and exception thereto could only go to its probative force.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. § 719.]

5. APPEAL AND ERROR ⊙⇒260(4)—REVIEW—ASSIGNMENTS OF ERROR—EXCEPTIONS.

Where no exceptions were reserved to the action of the trial court in overruling motions, assignments of error to such action cannot be reviewed.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 1510.]

6. APPEAL AND ERROR ⊙⇒1008(1)—REVIEW—FINDINGS.

Whether the statute of limitations had perfected a bar was a question of fact as to which the appellate court cannot say that the trial court, without a jury, made a mistake.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3955.]

7. BILLS AND NOTES ⊙⇒499—PARTIAL PAYMENTS—EVIDENCE—BURDEN OF PROOF.

The burden of showing to what extent payments have reduced the indebtedness was upon the defendant.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1682, 1695–1697.]

8. APPEAL AND ERROR ⊙⇒1033(8)—REVERSIBLE ERROR.

Where it appeared that at least the principal of the debt evidenced by the note was due and unpaid, it cannot be held reversible error prejudicial to defendant that the trial court allowed payments shown to cancel the claim for interest.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4060.]

Appeal from Circuit Court, Lauderdale County; C. P. Almon, Judge.

Assumpsit by M. E. Killen, as administratrix against J. C. Wade as administrator. Judgment for plaintiff, and defendant appeals. Transferred from the Court of Appeals under section 6, Acts 1911, page 449. Affirmed.

The following are the assignments of error referred to:

(3) The court erred in refusing, on motion of defendant, to exclude the testimony of Mary E. Killen, on the ground that said witness was interested in the result of the suit, and the evidence was as to transaction with a deceased person, whose estate was interested in the result of the suit.

(4) The court erred in overruling the motion to exclude the evidence of witness Mary E. Killen on the ground that it was immaterial and did not show any credits on the note in evidence from 1898 to 1911, and on the further ground that it failed to give any information about the dates of the credits, and that most of the testimony of the witness related to alleged credits not shown on the note.

(5) The court erred in failing to exclude the testimony of the witness J. C. Killen as to credits on the note in evidence, excepting as to credits appearing on the notes for the reason set forth in the motion.

(9) The court erred in rendering judgment in the sum of $300.

Paul Hodges and S. W. Frierson, both of Florence, for appellant. Mitchell & Hughston, of Florence, for appellee.

SAYRE, J. Action on a promissory note brought by appellee as administratrix of J. J. Stutts, deceased, against appellant as administrator of B. F. Chisholm, deceased. The statutes of limitations of six and ten years were pleaded, and the questions litigated related to payments which appellee, to meet the plea, claimed had been made from time to time.

[1] No tenable objection was taken to appellee's testimony to the effect that not more than two or three years had elapsed between the payments made by appellant's intestate. It was not necessary that partial payments should be indorsed on the note or evidenced by written receipts; it was competent to prove them by parol. 8 Encyc. of Ev. 336. The other objection taken to this testimony, as interpreted in the brief, went to its probative force rather than its competency. We find no error here.

[2, 3] The exception made the basis of assignment of error numbered 3 cannot be sustained. The exception must be construed most strongly against the exceptor. A part

---

at least of appellee's testimony, to which the objection was made, was competent because it related to transactions between appellee's intestate and appellant's intestate which, for aught appearing, came to the knowledge of the witness otherwise than through her personal dealing with appellant's intestate. Warten v. Black, 195 Ala. 93, 70 South. 758. The objection, conceding that it was taken in time—though the bill of exceptions indicates that objection was withheld until questions giving notice of the matter sought had been asked and answered—was too broad. It included unobjectionable matter.

[4] Appellant's fourth and fifth exceptions —the fourth and fifth assignments of error— went to the probative force of the testimony objected to. The testimony was competent and relevant, and error cannot be predicated on the court's refusal to exclude it.

[5] No exceptions appear to have been reserved to the action of the court in overruling appellant's motions made the subject of the sixth, seventh, and eighth assignments of error, and for this reason they cannot be reviewed. It may, however, be further said that these motions which sought to exclude previously admitted testimony, were either too broad, as in the case of the third assignment, or went merely to the weight of the evidence, as did several of the original objections.

[6-8] There is no merit in the ninth assignment. The question whether the statute of limitations had perfected a bar was a question of fact, as to which we can by no means say the court below, trying the case without a jury, made a mistake. This much ascertained, the burden of showing to what extent payments had reduced the indebtedness, that is, the amount of the credits, was upon appellant. Considering the case with reference to that burden, it appears that at least the principal of the debt evidenced by the note was due and unpaid. It cannot be held for reversible error that the trial court, with probably too much favor to appellant, allowed the payments shown to cancel the claim for interest.

Affirmed.

ANDERSON, C. J., and McCLELLAN and GARDNER, JJ., concur.