[L. A. No. 23639. In Bank. Aug. 5, 1955.]

KATHERINE EILKE, as Executrix, etc., Appellant, v. DAVID RICE, Respondent.

Moore, Trinkaus & Binns and Walter R. Trinkaus for Appellant.

Morrison, Hohfeld, Foerster, Shuman & Clark as Amici Curiae on behalf of Appellant.

Vaughan & Brandlin, J. R. Vaughan, Richard I. Roemer and Warren J. Lane for Respondent.

SHENK, J.—This is an appeal from a judgment of dismissal following an order sustaining a demurrer without leave to amend.

On August 1, 1944, the defendant Rice executed two promissory notes to one Herta Reinach, of whose estate the plaintiff is the executrix. Both notes were in the amount of $3,000. The first was payable on or before six months; the second on or before one year. No payments were made on the principal on either note although some 30 payments on account of interest were made regularly through November 15, 1952. The complaint was filed on November 30, 1953. It alleged demand and failure of the defendant to pay the amount of $3,000 due on each note and sought recovery of the principal, interest, attorneys' fees and costs.

The demurrer was sustained on the ground that the action was barred by the Code of Civil Procedure, section 337, which outlaws written contracts after four years. Unless tolled or extended by the payments of interest, the statute would have run on the first note on February 1, 1949, and on the second note on August 1, 1949.

The controversy centers upon the correct construction of the Code of Civil Procedure, section 360. That section as amended in 1947 (the amended portion is italicized), provides: "No acknowledgment or promise is sufficient evidence of a new or continuing contract, by which to take the case out of the operation of this title, unless the same is contained

in some writing, signed by the party to be charged thereby, *provided, that any payment on account of principal or interest due on a promissory note made by the party to be charged shall be deemed a sufficient acknowledgment or promise of a continuing contract to take the case out of the operation of this title and the time within which an action may be brought upon a promissory note or upon any installment of principal or interest thereof shall not commence to run until the last payment of principal or interest made by the party to be charged prior to the time when the statute of limitations would otherwise have run on the principal sum or on the installment thereof last due.*"

The principal difficulty arises from the provision that time does not "commence to run until the last payment of principal or interest made by the party to be charged prior to the time when the statute of limitations would otherwise have run on the principal sum or on the installment thereof last due." This provision does not indicate the formula for determining when the statute would "otherwise have run." The defendant contends that it should be construed to indicate only an extension through the first four years from the original due dates of the notes. It is the position of the plaintiff that it should be read as including extensions resulting from payments of interest. ██ The question is whether the entire section, including the amendment's time extension provision, is embraced within the computing formula for determining when the statue would "otherwise have run." There is room for legitimate argument that either view is possible under the language of the section as amended. There is therefore no merit in the defendant's contention that the section is clear and unambiguous and that this court has no power to construe it.

If the first construction were adopted, then, in the present case, the statute running originally on February 1, 1949, and August 1, 1949, the "last payments" would have been made on November 10, 1948, and May 9, 1949. The amendment would then bar the action four years after those dates; that is on November 10, 1952, and May 9, 1953. Since the action was commenced on November 30, 1953, the first suggested construction of the amendment would bar the action on both notes.

If the second suggested construction were adopted, the payments of November 10, 1948, and May 9, 1949, would have the effect of extending the period to November 10, 1952,

and May 9, 1953, but this second period would again be extended for a third period beginning with the last payment made before the second period expired. The defendant's last payments of September 19, 1952, and November 15, 1952, would thus extend the periods to September 19, 1956 and November 15, 1956. Hence under the second suggested construction the action would not be barred.

The part payment problem has suffered a long and tortuous history both at common law and through the decisions in this state under section 360. An examination of this history is desirable in order to clarify the ambiguity found in the present language of the code.

Prior to the 1947 amendment section 360 provided simply that "No acknowledgment or promise is sufficient evidence of a new or continuing contract, by which to take the case out of the operation of this title, unless the same is contained in some writing, signed by the party to be charged thereby." This language apparently had its origin in the Statute of Frauds Amendment Act, commonly known as Lord Tenterden's Act, [1828] 9 Geo. IV, ch. 14, s. 1, which provided: "In actions of debt or upon the case grounded upon any simple contract no acknowledgment or promise by words only shall be deemed sufficient evidence of a new or continuing contract, whereby to take any case out of the operation [of the statute of limitation] . . . , or to deprive any party of the benefit thereof, unless such acknowledgment or promise shall be made or contained by or in some writing to be signed by the party chargeable thereby. . . ." (See *Fairbanks* v. *Dawson,* 9 Cal. 89.)

The purpose of Lord Tenterden's Act was well stated by Chief Justice Tindal in *Haydon* v. *Williams* [1830], 7 Bing. 163, at pages 166-167: "That statute did not intend, as it appears to us, to make any alteration in the legal construction to be put upon acknowledgments or promises made by defendants, but merely to require a different mode of proof; substituting the certain evidence of a writing signed by the party chargeable, instead of the insecure and precarious testimony to be derived from the memory of witnesses." This reasoning was apparently considered inapplicable to the acknowledgment of a debt by part payment, for the first section of Lord Tenterden's Act provided that ". . . nothing herein contained shall alter or take away, or lessen the effect of any payment of any principal or interest made by any person whatsoever." (9 Geo. IV, ch. 14, s. 1.) Despite this proviso, the statute was first construed to exclude parol evidence of

part payment. (*Willis* v. *Newham* [1830], 3 Younge & Jer. 518), but the proviso, saving part payment from the operation of the act, was eventually recognized and *Willis,* v. *Newham, supra,* was overruled. (*Cleve* v. *Jones* [1851], 6 Exch. 573.) This was also the state of the law in American jurisdictions when section 360 of the Code of Civil Procedure was adopted. (See *Williams* v. *Gridley,* 9 Metc. (Mass.) 482; *Read* v. *Hurd,* 7 Wend. 408 (N.Y.), *Sibley* v. *Lumbert,* 30 Me. 253; *Hapgood* v. *Southgate,* 21 Vt. 584.)

Because our Legislature adopted Lord Tenterden's Act almost verbatim but failed to include the proviso saving part payment transactions, this court has consistently construed section 360 to include part payment. In *Fairbanks* v. *Dawson, supra,* 9 Cal. 89, it was said at page 92: ''From the fact that the proviso found in Lord Tenterden's Act is left out of our statute, it would seem to be clear that the Legislature intended to put all acknowledgments and promises upon the same footing, to be governed by the same rule of evidence.'' (See *Clunin* v. *First Federal Trust Co.,* 189 Cal. 248, 252 [207 P. 1009]; *Minifie* v. *Rowley,* 187 Cal. 481 [202 P. 673]; *Concannon* v. *Smith,* 134 Cal. 14 [66 P. 40]; *Tuggle* v. *Minor,* 76 Cal. 96 [18 P. 131]; *Biddel* v. *Brizzolara,* 56 Cal. 374; *Pena* v. *Vance,* 21 Cal. 142; *Barron* v. *Kennedy,* 17 Cal. 574.) These decisions adopted the earlier English rule found in *Willis* v. *Newham, supra,* [1830] 3 Younge & Jer. 518, overruled in *Cleve* v. *Jones, supra,* [1851] 6 Exch. 573. While the federal Circuit Court for the District of California reached the opposite result in *Palmer* v. *Andrews* [1859], 1 McAll. 491, F.Cas. No. 10683, the rule in *Fairbanks* v. *Dawson, supra,* 9 Cal. 89, was followed in this state until section 360 was amended in 1947.

Having decided that section 360 applied to part payments, it then became necessary to determine whether the requirement of a writing went to the proof of the new promise or merely the act of part payment from which the promise to pay the whole debt could be inferred. This problem was first resolved in favor of limiting the effect of the section to require merely the written proof of the act of part payment. Written evidence of an express recognition or admission of the debt was not required. (*Minifie* v. *Rowley, supra,* 187 Cal. 481; *Concannon* v. *Smith, supra,* 134 Cal. 14; *Tuggle* v. *Minor, supra,* 76 Cal. 96; *Biddel* v. *Brizzolara, supra,* 56 Cal. 374; *Pena* v. *Vance, supra,* 21 Cal. 142; *Barron* v. *Kennedy, supra,* 17 Cal. 574; *Fairbanks* v. *Dawson, supra,*

9 Cal. 89.) When section 360 was reexamined eight months after the decision in *Minifie* v. *Rowley, supra,* 187 Cal. 481, the rule was extended to require that the writing prove either the new promise or a recognition or admission of the debt, not simply the act from which a promise could be inferred. In *Clunin* v. *First Federal Trust Co., supra,* 189 Cal. 248, 253, this court said: " . . no writing is sufficent as an acknowledgment under section 360, unless it contains some reference to a debt, which, either of itself or with the aid of permissive evidence of extrinsic facts in explanation, amounts to an admission that there is a debt existing to the creditor to whom the writing is sent which the debtor is liable to pay and willing to pay. The checks introduced in evidence do not come up to this standard. . . ." (*Butt* v. *Burkett,* 18 Cal. App.2d 612 [64 P.2d 437] ; *Armstrong* v. *Maupas,* 97 Cal. App. 710 [276 P. 148] ; *Ferguson* v. *Fonner,* 87 Cal.App. 590 [262 P. 337].)

Prior to the 1947 amendment therefore section 360 required not only a writing to prove the act of acknowledgment or part payment but also that the writing directly evidence the new promise or admit or refer to the debt and the payment from which a new promise may be inferred. In these respects the California rule was totally at variance with the great majority of decisions in other jurisdictions where part payment transactions were excluded from the category of acknowledgments requiring a writing.*

▮ The language of the 1947 amendment of section 360 shows clearly that the Legislature intended to adopt the rule generally established in other jurisdictions. Within specified

---

*(See *Anderson* v. *Nystrom,* 103 Minn. 168 [114 N.W. 742, 13 L.R.A.N.S. 1141, 123 Am.St.Rep. 320, 14 Ann.Cas. 54]; *Brudi* v. *Trentman,* 16 Ind.App. 512 [44 N.E. 932]; *First Nat. Bank of Utica* v. *Ballou,* 49 N.Y. 155; *Gaffney* v. *Mentele,* 23 S.D. 38 [119 N.W. 1030]; *Gorrill* v. *Goff,* 148 Kan. 765 [84 P.2d 953, 124 A.L.R. 223]; *Green* v. *Boothe,* 239 Mo.App. 73 [188 S.W.2d 84]; *Hapgood* v. *Southgate, supra,* 21 Vt. 584; *Hogevoll* v. *Hogevoll,* 117 Mont. 528 [162 P.2d 218]; *Horsfall* v. *Logan,* 72 Ore. 150 [142 P. 760]; *Joseph* v. *Carter,* 314 Ill.App. 630 [42 N.E.2d 321] rev'd on other grounds, 382 Ill. 461 [47 N.E.2d 471]; *King* v. *Mattingly,* 49 Idaho 618 [292 P. 220]; *Lieske* v. *Swan,* 93 Colo. 396 [26 P.2d 807]; *Lyle* v. *Esser,* 98 Wis. 234 [73 N.W. 1008]; *McAbee* v. *Wiley,* 92 Ark. 245 [122 S.W. 623]; *Miner* v. *Lorman,* 59 Mich. 480 [26 N.W. 678]; *Pond* v. *French,* 97 Me. 403 [54 A. 920]; *Romaine* v. *Corlies,* 47 N.J.Law 108; *Smith* v. *Davis,* 228 N.C. 172 [45 S.E.2d 51, 174 A.L.R. 643]; *Stroud* v. *Payne,* 124 Neb. 612 [247 N.W. 595]; *Wade* v. *Killen,* 200 Ala. 212 [75 So. 970]; *Williams* v. *Gridley, supra,* 9 Metc. (Mass.) 482. Compare *Hootman* v. *Beatty,* 228 Iowa 591 [293 N.W. 32]; *Murray* v. *Lightsey,* 58 Ga.App. 100 [197 S.E. 870]; *Perry* v. *Ellis,* 62 Miss. 711; *Wilcox* v. *Williams,* 5 Nev. 163; *Woodham* v. *Hill,* 78 Fla. 517 [83 So. 717].

limits the amendment rejects the requirement of a writing to prove an acknowledgment by part payment. The first part of the amendment expressly excepts any part payment of principal or interest on a promissory note from the operation of the title. Part payment is deemed to be a sufficient acknowledgment of a "continuing contract" to take the case out of the statute of limitations. By express language the amendment is restricted to "continuing contracts"; that is, contracts against which the statute has not run at the time of the acknowledgment. Thus the amendment adopts the distinction between continuing and new contracts long recognized in this state. ■ The acknowledgment of a debt already barred by the statute gives rise to a new contract and a new cause of action dating from the acknowledgment. (*Sanford* v. *Bergin*, 156 Cal. 43 [103 P. 333]; *Weinberger* v. *Weidman*, 134 Cal. 599 [66 P. 869]; *Concannon* v. *Smith, supra*, 134 Cal. 14; *Rodgers* v. *Byers*, 127 Cal. 528 [60 P. 42].)

■ The acknowledgment of a debt before the statute has run, however, does not create a new obligation as of the time of the acknowledgment; it merely continues the original obligation through a new statutory period. (*Curtis* v. *Holee*, 184 Cal. 726 [195 P. 395, 18 A.L.R. 1024]; *Concannon* v. *Smith, supra*, 134 Cal. 14; *Rodgers* v. *Byers, supra*, 127 Cal. 528; *Southern Pac. Co.* v. *Prosser*, 122 Cal. 413 [52 P. 836, 55 P. 145]; *McCormick* v. *Brown*, 36 Cal. 180 [95 Am.Dec. 170].) ■ The importance of the distinction between new and continuing contracts is seen in *Southern Pac. Co.* v. *Prosser, supra*, 122 Cal. 413, where it is said at page 417: "When a debtor makes a new promise before an action is barred upon the original contract, he does not make himself liable a second time for the same debt . . . , he merely continues his original liability for a longer term. In other words, he merely waives so much of the period of limitations as has run in his favor."

When read in the light of the foregoing background the legislative intention with reference to the language of the lattter part of the amendment becomes clear. **[6]** As stated, the latter part of the amendment provides: ". . . and the time within which an action may be brought . . . shall not commence to run until the last payment of principal or interest made by the party to be charged prior to the time when the statute of limitations would otherwise have run on the principal sum or on the installment thereof last due." ■ This language elaborates and defines the distinction between con-

tinuing and new contracts above discussed. It defines the continuing contrast as one on which the statute has not run at the time of the last part payment. This is the most reasonable construction of the amendment as a whole. It is given additional support by the legislative decision to introduce the latter part of the amendment with the word "and", a word of extension and definition. To construe the language following "and" as language of definition leads to a construction which brings the latter part of the amendment into harmony with the entire section. To contrue the language following "and" as language of limitation is to do violence to language and to produce unnecessarily burdensome restrictions such as the Legislature sought to remove by the adoption of the amendment.

Since the "continuing contract" is one where time is waived by part payment of principal or interest (*Southern Pac. Co.* v. *Prosser, supra,* 122 Cal. 413, 417) the construction thus placed on the amendment merely requires that subsequent payments be made before the statute has run on the "continuing contract." As so construed the amendment requires that part payments be made within four years of each other. (See *Crawford's Admr.* v. *Ross,* 299 Ky. 664 [186 S.W.2d 797] ; *Duvall* v. *Parepoint,* 168 Ky. 11 [181 S.W. 653] ; *Windsor* v. *Hearn,* 35 Del. 184 [161 A. 288] ; *Hughes* v. *Werner's Estate,* 78 F.Supp. 762.) Any payment made after the first four years have run without extension or after four years have passed since the last past extension by part payment will not have the effect of tolling the statute.

Had the Legislature intended to preclude from further extension the "continuing contract" once extended by part payment, either the language of limitation would have been used to introduce the qualification, or the "continuing contract" language would not have been used, or the latter part of the amendment would have specifically limited the extension to one statutory period based upon one and only one part payment. In the absence of such specific indication in any of these three possible instances, this court will follow the construction which best harmonizes the entire provision; especially, as in this case, where the policy of the amendment is supported by authorities in other jurisdictions, as above noted, and favors the construction followed here.

The judgment is reversed.

Gibson, C. J., Edmonds, J., Carter, J., Traynor, J., and Schauer, J., concurred.