No. 11,253.

WINBOURN *v.* CRUMP, ET AL.

Decided June 22, 1925.

Proceeding in attachment.   Judgment for plaintiffs.

*Affirmed.*

*On Application for Supersedeas.*

1. DESCENT AND DISTRIBUTION—*Real Property.* A father dying intestate, the interest of a son in the real property of the estate vests immediately upon the father's death, subject to the payment of debts of the deceased.

2. FRAUD—*Statute—New Promise.* A debtor's new oral promise to pay his debts if he should inherit an interest in his father's estate, notwithstanding his discharge in bankruptcy, held not to be an agreement not to be performed within one year, within the meaning of the first subdivision of section 5111, C. L. '21, of the statute of frauds.

3. BANKRUPTCY—*Debts—New Promise.* Notwithstanding the discharge of old debts in bankruptcy, the moral obligation to pay them is not extinguished and constitutes a sufficient consideration for a new promise to pay, made after the adjudication.

4. INSTRUCTIONS—*Repetition.* A repetition of instructions given by the court, although requested by a party to the action would be improper.

*Error to the District Court of the City and County of Denver, Hon. George F. Dunklee, Judge.*

Mr. C. L. IRELAND, Mr. R. E. WINBOURN, for plaintiff in error.

Mr. K. V. RILEY, for defendants in error.

*Department One.*

MR. JUSTICE ADAMS delivered the opinion of the court.

WINBOURN, the plaintiff in error, was defendant below. The defendant in error, Crump, as plaintiff below, and the other defendants in error as interveners in an attachment proceeding, recovered judgment against defendant on a trial to a jury. . He brings error.

The rights of the defendants in error, the respective plaintiff and interveners in the court below, are similar, and the legal principles involving their rights are the same as far as this decision is concerned, in their. effect on the defendant. We shall therefore refer to them hereafter as the creditors, and to the plaintiff in error, who was defendant below, as the debtor.

The debtor had been adjudicated a bankrupt, and the debts in question discharged. The issues were on alleged oral promises, subsequent to the adjudication, reviving the obligations, made by the debtor to the creditors, the substance of which was that he agreed to pay the debts in question, if he should inherit a one quarter interest in his father's estate, notwithstanding the discharge in bankruptcy.

The debtor did so inherit from his father, who died intestate, the debtor's interest therein being greater than the amount of the judgments in this case. The debtor pleaded in defense that part of C. L. 1921, § 5111, known as the "Statute of Frauds and Perjuries" which reads as follows: "In the following cases every agreement shall be void, unless such agreement, or some note or memorandum thereof, be in writing, and subscribed by the party charged therewith: First—Every agreement that by the terms is not to be performed within one year from the making thereof."

The debtor's theory was that the probate laws of Colorado require estates to be kept open at least one year before being closed or settled; that therefore the promise could not be performed within a year from the making, hence the oral promise comes within the above statute.

We do not need to pass on any question of how long an estate must be kept open, for that has no application

here. The father's estate consisted chiefly of real property, and there being no will, the interest of his son, the debtor, in such real property vested in him immediately on his father's death, subject to the payment of the debts of the deceased. 18 C. J. 876; *Parker v. Betts,* 47 Colo. 428, 432, 107 Pac. 816; *Adams v. Slattery,* 36 Colo. 35, 85 Pac. 87.

The right of action accrued upon the happening of the condition named in the debtor's promise, that is, that he would pay if he inherited a one fourth interest in his father's estate. That date was when his father died. That his son's share, consisting of an interest in real estate, inherited from his father, might or might not be subsequently diminished or defeated by valid claims against his father's estate, does not affect the date of the son's inheritance. Furthermore, the clerk of the county court where the father's estate was administered, certified, after the statutory time for filing claims had passed, that no claims against the estate had been filed. No attempt was made to defeat prior encumbrances and there were no conflicting interests.

We cannot agree with counsel for plaintiff in error that the debtor's new oral promises to the creditors, made subsequent to the adjudication in bankruptcy, were such agreements as by their terms were not to be performed within one year from the making thereof, and that they were therefore void under the first subdivision of section 5111, C. L. 1921, above quoted. The subdivision quoted is the only part of the statute relied upon in this proceeding. We pass upon no other portion of the statute.

"An oral agreement, the performance of which is dependent upon the happening of a certain contingency, is not within the statute if the contingency is such as may occur within one year; and this is true, although the contingency may not in fact happen until after the expiration of the year, and although the parties may not have expected that it would occur within that period." 27 C. J. 180, § 98.

"An agreement to be performed on the death of the promisor, or of a third person, such as an agreement to pay on the death of the promisor or to devise or bequeath property, is not within that clause of the statute of frauds which requires an agreement not to be performed within one year from the making thereof to be in writing, as the death of the person specified may occur within a year." 27 C. J. 181, § 99.

Notwithstanding the discharge of the old debts in bankruptcy, the moral obligation to pay them was not extinguished, and constitutes a sufficient consideration for the new promise to pay these debts, made after the adjudication. 7 C. J. 412, § 732; Black on Bankruptcy, (3rd Ed.) § 758.

The defendant's motion for a directed verdict was properly denied.

Defendant's request for certain instructions did not conform to the views herein expressed, except as to certain parts thereof that were embodied in other instructions given to the jury. A repetition of those instructions would have been improper.

Both parties have requested that this matter be finally determined on the application for supersedeas. We find no reason to disturb the judgment; it is accordingly affirmed and the supersedeas denied.