No. 13,387.

LIESKE ET AL. *v.* SWAN.
(26 P. [2d] 807)

Decided October 16, 1933.

Mr. Hugo Selig, for plaintiffs in error.

Messrs. Bryant & Stubbs, for defendant in error.

*In Department.*

Mr. Justice Burke delivered the opinion of the court.

Plaintiffs in error are hereinafter referred to as defendants and defendant in error as plaintiff, as they appeared in the trial court.

This was a suit on a promissory note to which the defenses were the statute of limitations and discharge in bankruptcy. A jury was waived and the cause tried to the court, which found for plaintiff and entered judgment accordingly. To review that judgment defendants prosecute this writ and ask that it be made a supersedeas.

The note was dated January 1, 1923, due July 1, following. The complaint was filed June 20, 1932. It alleged interest paid to July 1, 1926. Defendant M. Lieske answered that interest had been paid only to July 1, 1925, and pleaded the six years statute of limitations. He further pleaded his discharge in bankruptcy by decree dated August 1, 1930. The defendant Irva Lieske, by separate answer, made the same allegation as to payment of interest and pleaded the same statute of limitations. January 23 and 27, respectively, 1933, defendants

moved for judgment on the pleadings for failure of replication. On the last named date plaintiff replied to the answer of defendant Irva Lieske, denying generally. On the same date both defendants moved to amend their answers by inserting an omitted statement as to interest. May 24, 1933, plaintiff filed notice of an application, to be made June 5 following, to set the cause for trial. June 29, the court granted defendants' motion to amend. July 18, following, on which date the cause had been set for trial, plaintiff tendered to the court her replication to the answer of defendant M. Lieske, denying generally save as to the defense of discharge in bankruptcy, and as to that alleging that during the pendency of the bankruptcy proceeding, and before said defendant was therein declared a bankrupt, he acknowledged said indebtedness and promised to pay the same notwithstanding said proceeding. When this pleading was tendered counsel for plaintiff stated to the court that he had just then learned of the defense to the claim of discharge. Counsel for defendants objected to the filing and ruling was reserved. Defendants' motion for judgment on the pleadings was also then argued and apparently at first overruled and later ruling would seem to have been reserved. Thereafter and on the same day the trial began, defendants being represented by counsel, but neither of them personally present. At the close of plaintiff's evidence the court permitted the filing of the replication to the answer of M. Lieske. This of itself disposed adversely of the motion for judgment on the pleadings. The cause was then continued on motion of defendants' counsel to permit them to be present, to July 31, 1933. On that date defendants' counsel and defendant M. Lieske appeared and the trial was concluded. Thereupon the court found generally for plaintiff and specifically that interest had been paid on the note beyond July 1, 1926.

The assignments raise the questions of the correctness of the rulings of the trial court: (1) Permitting the filing of the replication; (2) reserving ruling on the motion

for judgment on the pleadings; (3) admitting certain evidence of payment of interest by credit for labor; (4) rejecting M. Lieske's defense of discharge in bankruptcy; (5) admitting in evidence the indorsement on the back of the note showing interest paid.

■ 1 and 2. These were clearly discretionary and no abuse or prejudice appears.

■ 3. Competency of this evidence depended upon disputed facts and conflicting testimony. It comes under the rule that as to such the trial court's conclusion is binding.

■ ■ 4. Plaintiff testified that during the pendency of the bankruptcy proceeding defendant M. Lieske assured her that although he had listed her note among his liabilities he had no intention of directing his proceeding thereto and that regardless of that proceeding he intended to and would pay the same. Although denied by said defendant, the court clearly credited this evidence and based its judgment thereon. Hence, we must accept it as true. Such being the fact, the discharge in bankruptcy did not reach this debt. The moral obligation to pay such a debt is sufficient to support a promise to pay notwithstanding the discharge, whether the promise be oral or written, and whether, if made after the filing of the petition, it be made before or after discharge. 3 R. C. L., p. 324, §147; *Winbourn v. Crump,* 77 Colo. 574, 238 Pac. 58.

■ ■ 5. This raises the question of applicability of the statute of limitations relied upon by both defendants. It is undisputed that if interest were paid on this note to July 1, 1926, as alleged, the defense is not available. The back of the note bears the indorsement, "Interest paid to July 1, 1926." It discloses some alteration or correction, having apparently formerly read, "Jany. 1, 1927." If this latter were correct it would not avail defendants. Moreover, they made no objection to its admission. Nevertheless plaintiff gave an apparently reasonable explanation of the alteration which satisfied the

trial court and nothing more is required. These interest payments, however, did not depend for proof upon this indorsement. They were definitely and unequivocally testified to by plaintiff and, so far as material, the time of their payment fixed, as well as the fact that they were, by express direction of M. Lieske, made as such. The statute here invoked is section 6392, C. L. 1921. Sections 6414 and 6416 Id., clearly evidence the legislative intent not to interfere with the general rule concerning the effect of the payment of interest on a debt otherwise . barred. That general rule is that the payment of interest, before the running of the statute, removes the demand therefrom, and that proof of payment may be by parol. 17 R. C. L., p. 933, §296.

Thus all points herein made resolve themselves into questions of discretion and facts found on conflicting evidence and are therefore untenable.

The judgment is affirmed.

MR. CHIEF JUSTICE ADAMS and MR. JUSTICE BOUCK concur.